CITY OF TOLEDO, APPELLEE, *v.*
STUART, APPELLANT.

(No. L-83-215—Decided
October 21, 1983.)

*Mr. John T. Madigan,* city prosecutor, and *Mr. Stephen D. Koder,* for appellee.

*Mr. Harland M. Britz,* for appellant.

HANDWORK, J. This case is before the court on appeal from a judgment of the Toledo Municipal Court.

On March 18, 1983, this case proceeded to trial before the court, sitting without a jury. After hearing testimony and receiving evidence, the trial court found defendant-appellant, Edward Stuart, guilty of assault, a violation of R.C. 2903.13. On March 31, 1983, appellant filed a motion for a new trial, which was subsequently denied on April 5, 1983. On May 5, 1983, appellant was sentenced to a term of imprisonment and fined. In bringing this appeal, appellant presents the following sole assignment of error:

"First Assignment of Error [*sic*]

"The trial court erred in overruling defendant's motion for new trial or for failing to have a hearing on same."

Crim. R. 33 provides, in pertinent part:

"(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

"* * *

"(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

"* * *

"(C) Affidavits required. The causes enumerated in subsection (A)(2) and (3) *must* be sustained by affidavit showing their truth, and may be controverted by affidavit." (Emphasis added.)

Initially, we question whether counsel's motion for a new trial properly complied with the provisions of Crim. R. 33. In reviewing counsel's motion, we observe that the only ground asserted therein is witness misconduct (here, an allegation of perjury) under Crim. R. 33(A)(2). Essentially, counsel's motion alleged that he received a phone call from a person who claimed that he had been a prosecution witness at trial, Sam Burton, and who further said that he had lied during his direct testimony. In particular, the caller allegedly stated that appellant was

*not* the person who assaulted the victim, Ollie Booker.

Under Crim. R. 33(C), affidavits are required to support a motion alleging grounds under subsection (A)(2) of that rule. Yet, appellant's counsel never submitted any affidavit to the trial court to support the claims he alleged in his motion for a new trial. Without a sworn affidavit from Burton, the motion for a new trial was nothing more than counsel's *bare allegation* of witness misconduct, which is at least one of the deficiencies Crim. R. 33(C) was designed to circumvent. *New trials are not to be granted lightly.* In *State* v. *Curnutt* (1948), 84 Ohio App. 101 [38 O.O. 336], in paragraph three of the syllabus, therein, the court stated:

"Where a new trial is sought upon the ground that a witness subsequently stated that he gave perjured testimony, the question is, *when did the witness tell the truth?* Recantation by an important witness of his or her testimony at the trial *does not necessarily, or as a matter of law, entitle the defendant to a new trial.* The determination of such matters rests in the sound discretion of the trial court, whose action will not be set aside except for clear and manifest abuse." (Emphasis added.)

Given the particular facts in this case, and in the absence of the possibility of any direct testimony by Burton himself, a hearing on counsel's motion would have been unavailing, for only defense counsel could have testified in support of it. Yet his hearsay testimony regarding the telephone call would have been clearly inadmissible. See *State* v. *Williams* (1975), 43 Ohio St. 2d 88 [72 O.O.2d 49]; see, also, *State* v. *Lewis* (1970), 22 Ohio St. 2d 125 [51 O.O.2d 209], paragraph two of the syllabus. Testimony regarding extrajudicial statements made during a telephone call is inadmissible when offered for the truth of the matters asserted therein. See Evid. R. 801(C).

While there is some suggestion that, generally and in the interests of justice, a hearing should be held on a new trial motion to ascertain its precise basis and nature, cf., *State* v. *Broady* (1974), 41 Ohio App. 2d 17, 23-24 [70 O.O.2d 18], the trial court's ruling on the motion, and necessarily, also, its decision on whether the motion warrants a hearing, will not be disturbed on appeal absent a clear showing that the court abused its discretion. No such showing has been made in this case. Accordingly, appellant's sole assignment of error is not well-taken.

On consideration whereof, the judgment of the Toledo Municipal Court is hereby affirmed. This case is remanded to said court for execution of sentence and for assessment of costs. Costs assessed against appellant.

*Judgment affirmed.*

CONNORS, P.J., concurs.

DOUGLAS, J., concurs in judgment only.