DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant guilty and sentenced him on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), with a firearm specification, and one count of robbery in violation of R.C. 2911.02(A)(2). On September 3, 1999, this court consolidated appellant's appeal of his conviction with his appeal from the denial of his motion for a new trial.[1] For the reasons stated herein, this court affirms the judgment of the trial court regarding appellant's conviction and the judgment of the trial court regarding the denial of appellant's motion for a new trial.
The following facts are relevant to this appeal. On October 30, 1998, appellant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), with a firearm specification, and one count of robbery in violation of R.C.2911.02(A)(2). A jury trial was held on February 4, 1999. The manager of a Rent-A-Center in Toledo, Ohio, Charles W. Newing, testified that on October 15, 1998, a black male, wearing a hooded sweatshirt with a red bandana tied over his nose so that only his eyes were visible, entered the store from a rear door, pointed a gun at the manager and told the manager to come here; the manager followed those instructions and was grabbed by the back of his neck, tapped on the back of the head with the gun and thrown to the floor. The manager testified that he did not think he would be able to identify the individual, but the day before the trial, he saw appellant at the courthouse and identified appellant as the individual.
Another employee at the Rent-A-Center also testified that on October 30, 1998, he was in his office and saw a black man standing outside of the manager's office with one arm in the office; he also saw this man grab the manager. The employee also heard the man ask the manager where the money was and where the alarm was. He was able to see the man's clothing which the employee described as a dark blue or black hooded sweatshirt, red bandana and dark sweat pants. The employee described the man as between one hundred forty to one hundred fifty pounds and under six feet, five foot eight or nine. The employee thought he saw a gun in the man's hand. The employee told the police approximately a day after the incident that he thought a man he had seen at the home of a Rent-A-Center's customer might be a possible suspect. He identified appellant in the courtroom as the man he had seen at the customer's home.
Two police officers who investigated the crime testified. The first officer collected evidence at the crime scene and testified that he was able to obtain two usable fingerprints. He was unable to determine to whom one print belonged but was able to determine that the second print, a latent print obtained from above the door handle on the outside of the rear door to the store, belonged to appellant. The officer testified that the print was a very fresh print, made recently and had not been there too long; the officer testified that fingerprints cannot be dated. The officer testified that appellant's print was the only match when the print from the rear door was subjected to the state's computerized identification system. The officer then obtained an inked fingerprint from appellant to compare to the print that was found at the crime scene. The officer found fifteen matching identifying points between the print that was found at the crime scene and appellant's left middle finger print. On cross-examination, the officer admitted that he could not state exactly when the print was placed on the rear door and that it could have been there up to one week.
The other police officer who investigated the crime, a detective, testified that she interviewed appellant and appellant denied being at the Rent-A-Center and stated that he had not been at the Rent-A-Center in over a year. When informed that his fingerprint had been recovered at the Rent-A-Center, appellant responded that he did not put it there. The detective obtained a black hooded sweatshirt which appellant was wearing on the day of the interview. On cross-examination, the detective admitted that she did not find a gun on appellant and that she did not obtain a search warrant for his home.
The state rested; appellant made a Crim.R. 29 motion for acquittal which was denied by the trial court. Following deliberations, the jury found appellant guilty of both counts. Appellant was sentenced on March 5, 1999. Appellant filed a timely notice of appeal. Counsel was appointed for this appeal. On June 2, 1999, during the pendency of his direct appeal, appellant filed a pro se motion for a new trial on the basis of newly discovered evidence. On August 4, 1999, the trial court denied appellant's motion for a new trial. Appellant filed a timely notice of appeal pro se. On September 3, 1999, this courtsua sponte ordered the two cases consolidated.
 I.
In his appeal of his conviction, appellant, Darek Lathan, sets forth the following assignments of error:
"First Assignment of Error
 "Defendant-Appellant's Convictions are Sup ported by Insufficient Evidence and are Therefore a Denial of Due Process.
"Second Assignment of Error
 "Defendant-Appellant's Convictions are Against the Manifest Weight of the Evidence."
"Third Assignment of Error
 "Insofar as Any Error Complained of Was Not Adequately Preserved Below, Defendant-Appellant Was Denied the Effective Assistance of Counsel."
In his first assignment of error raised in the appeal of his convictions, appellant argues that his convictions are not supported by sufficient evidence. This court finds no merit in this assignment of error.
The Ohio Supreme Court set forth the standard for this court's review of this assignment of error in State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
Appellant contends that there was insufficient evidence for him to be found guilty of aggravated robbery and robbery. This court has carefully reviewed the record. Viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of aggravated robbery and robbery were proven beyond a reasonable doubt.
Accordingly, appellant's first assignment of error raised in the appeal of his convictions is found not well-taken.
In his second assignment of error raised in the appeal of his convictions, appellant argues that his convictions were against the manifest weight of the evidence. This court finds no merit in this assignment of error.
In State v. Thompkins (1997), 78 Ohio St.3d 380, 386, the Ohio Supreme Court stated that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." The court also noted:
 "* * * [S]ufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." Id.
In contrast to sufficiency, the court stated the following in regard to weight of the evidence:
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Citation omitted.) (Emphasis sic.)
The Ohio Supreme Court also noted that when an appellate court reverses a verdict as against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387.
This court has reviewed the entire record in this case and cannot say that the jury lost its way and created a manifest miscarriage of justice. Appellant's convictions were not against the manifest weight of the evidence.
Accordingly, appellant's second assignment of error raised in the appeal of his convictions is found not well-taken.
In his third assignment of error raised in the appeal of his convictions, appellant argues that he was denied effective assistance of counsel. This court finds no merit in this assignment of error.
The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v. Washington (1984),466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693.
Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin
(1988), 37 Ohio St.3d 153, 155-56, certiorari denied (1988),488 U.S. 975. Thus, appellant bears the burden of proving that his trial counsel was ineffective. Id. at 156; State v. Martens
(1993), 90 Ohio App.3d 338, 351.
It is well established that the constitution does not guarantee a perfect trial or even the best available defense. The Sixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. Statev. Martens, 90 Ohio App.3d at 351.
Effective assistance of counsel does not guarantee results. State v. Longo (1982), 4 Ohio App.3d 136. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v.Hart (1988), 57 Ohio App.3d 4, 10.
In this assignment of error, appellant has failed to enumerate any specific errors allegedly committed by his trial counsel. After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in his representation. Appellant has failed to establish that trial counsel's performance fell below the objective standard of reasonable representation. Furthermore, appellant has failed to show that his trial counsel's actions were prejudicial. In order to prevail on this assignment of error, appellant must show that "* * * there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. * * *" Stricklandv. Washington (1984), 466 U.S. 668, 669. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. * * *" Id. at 700.
Accordingly, appellant's third assignment of error raised in the appeal of his convictions is found not well-taken.
 II.
In his appeal from the denial of his motion for a new trial, appellant sets forth the following assignments of error:
"ASSIGNMENTS OF ERROR PRESENTED FOR REVIEW
 "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO CONDUCT AN EVIDENTIARY HEARING ON THE NEW TRIAL MOTION WHERE CRIMINAL RULE 33 REQUIRES THE DEFENDANT TO PRESENT THE AFFIDAVITS OF THE WITNESSES BY WHOM THE NEWLY DISCOVERED EVIDENCE IS EXPECTED TO BE GIVEN, THEREBY DENYING APPELLANT HIS RIGHT TO DUE PROCESS OF LAW AND TO A FAIR HEARING ON THE NEW TRIAL MOTION.
 "II. THE TRIAL COURT ERRED IN DETERMINING THAT THE FIVE (5) EXTANT EYEWITNESSES COULD HAVE BEEN DISCOVERED BY APPELLANT BEFORE THE TRIAL ENDED WHERE THE PROSECUTOR ACTIVELY WITHHELD THE IDENTITIES OF THE WITNESSES, THEREBY DEPRIVING APPELLANT OF HIS RIGHT TO DUE PROCESS OF LAW AND TO A FAIR HEARING ON THE NEW TRIAL MOTION.
 "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF TO APPELLANT BASED UPON THE DELIBERATE WITHHOLDING OF MATERIAL, EXCULPATORY EVIDENCE BY THE PROSECUTION, WHICH DENIED APPELLANT HIS RIGHT TO DUE PROCESS OF LAW AND TO A FAIR TRIAL, AS WELL AS HIS RIGHT TO COMPULSORY PROCESS TO OBTAIN THE FAVORABLE TESTIMONY OF WITNESSES ON HIS BEHALF."
Having a common basis in both law and fact, this court shall consider simultaneously appellant's first, second and third assignments of error raised in his appeal from the denial of his motion for a new trial. This court finds no merit in these assignments of error.
Appellant asserts that the trial court erred in over ruling his motion for a new trial, without a hearing, on the basis of newly discovered evidence, citing Crim.R. 33(A)(6). In Statev. Shepard (1983), 13 Ohio App.3d 117, 118, the court explained the requirements of Crim.R. 33(A)(6) as follows:
 "* * * First, appellant must have used reason able diligence in trying to find the evidence. Second, appellant must present affidavits to inform the trial court of the sub stance of the evidence that would be used if a new trial were to be granted. Third, the evidence presented must be of such weight that a different result would be reached at the second trial."
The ruling on a motion for a new trial rests within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. Further, the standard of appellate review of a trial court's decision not to grant a hearing on a motion for a new trial is abuse of discretion.Toledo v. Stuart (1983), 11 Ohio App.3d 292, 293. An abuse of discretion exists where the record demonstrates that the trial court's attitude is unreasonable, arbitrary or unconscionable.State v. Montgomery (1991), 61 Ohio St.3d 410, 413; State v.Adams (1980), 62 Ohio St.2d 151, 157. The decision to grant a motion for a new trial is an extraordinary measure which should be used only when the evidence presented weighs heavily against the conviction. State v. Otten (1986), 33 Ohio App.3d 339, 340.
Crim.R. 33(A) provides that a new trial may be granted to a defendant on several different grounds if his or her "substantial rights" are "materially" affected. In State v. Petro
(1947), 148 Ohio St. 505, syllabus, the Ohio Supreme Court set forth the criteria that must be met for a trial court to grant a motion for a new trial in a criminal case based upon newly discovered evidence. The defendant must show that the new evidence (1) is likely to change the result if a new trial is granted; (2) was discovered after the trial; (3) could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to the former evidence; and (6) does not merely impeach or contradict the former evidence. Id. Further, Crim.R. 33(A)(6) requires that the newly discovered evidence must be "material to the defense * * *."
In determining whether newly discovered evidence is material, the trial court must determine whether such evidence is of such value that a different result at a new trial is probable.Id. syllabus; see, also, Dayton v. Martin (1987), 43 Ohio App.3d 87,90, (the trial judge is "to determine whether it is likely that the jury would have reached a different verdict if it had considered the newly discovered evidence"). Crim.R. 33(A)(6) requires that the newly discovered evidence could not have been discovered with due diligence.
In the case sub judice, appellant failed to meet the requirements of the first and third prongs of the Shepard test. No affidavits were offered in support of the motion.
Furthermore, in overruling the motion, the trial court found that (1) none of the purported newly discovered evidence could not have been found prior to trial with the exercise of due diligence and (2) the testimony of some witnesses would merely offer impeaching or contradictory evidence that would not have a significant probability of producing a different result at a new trial. A review of appellant's motion demonstrates that the assertions of newly discovered evidence set forth therein does not satisfy the necessary requirements to warrant the granting of a new trial. First, this court agrees with the trial court that the purported newly discovered evidence could have been found prior to trial with the exercise of due diligence. Furthermore, it is not clear that the testimony of the unidentified witnesses[2], if presented, would have changed the result of a new trial given the testimony of the victim, Charles W. Newing. Mr. Newing testified during appellant's trial that he was able to identify appellant as the perpetrator from his eyes. It is also undisputed from the record that appellant's fingerprint was found at the crime scene. Secondly, the assertions set forth in appellant's motion merely impeach or contradict evidence presented in the case, namely the testimony of the victim, Mr. Newing, as well as the testimony of the other employee who was also in the store at the time of the crime.
For the foregoing reasons, it is apparent that the trial court did not abuse its discretion by denying appellant's motion for a new trial based upon newly discovered evidence.
Accordingly, appellant's second assignment of error raised in the appeal from the denial of his motion for a new trial is found not well-taken.
Regarding appellant's first assignment of error, it is well established that a trial court has broad discretion to determine whether it is necessary to hold an evidentiary hearing on a motion for a new trial. State v. Smith (1986), 30 Ohio App.3d 138,139; Toledo v. Stuart (1983), 11 Ohio App.3d 292. Given the stated deficiencies in appellant's "newly discovered evidence," it is clear that the trial court did not abuse its discretion in failing to conduct an evidentiary hearing on appellant's motion for a new trial.
Accordingly, appellant's first assignment of error raised in the appeal from the denial of his motion for a new trial is found not well-taken.
In the third assignment of error raised in his appeal from the denial of his motion for a new trial, appellant argues that the trial court erred in denying his motion for a new trial because the prosecution withheld evidence and the identification of appellant as the perpetrator by the victim was an "accident or surprise which ordinary prudence could not have guarded against." The trial court found that although appellant alleged prosecutorial misconduct in the identification of appellant as the perpetrator by the victim, the presentation of the victim witness by the prosecuting attorney did not prevent appellant from having a fair trial as the witness was fully cross-examined by defense counsel and it was for the jury to weigh the credibility of this witness. The trial court also found that appellant offered no explanation or information as to what the claimed accident or surprise was that could not have been guarded against. The trial court cited appellant's failure to submit affidavits in support of his motion.
After a thorough review of the record in this case, this court cannot find that the trial court abused its discretion in denying appellant's motion for a new trial.
Accordingly, appellant's third assignment of error raised in the appeal from the denial of his motion for a new trial is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgments of the Lucas County Court of Common Pleas are affirmed. It is ordered that appellant pay the court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ PETER M. HANDWORK, J.
JAMES R. SHERCK, J., MARK L. PIETRYKOWSKI, J., CONCUR.
[1] Counsel was appointed to represent appellant on his appeal from his conviction. Appellant is proceeding pro se in the appeal of the denial of his motion for a new trial.
[2] Appellant has submitted four affidavits to this court, which affidavits were not before the trial court but were filed in this court for the first time, and asks that they be considered in support of his assignments of error. It is well-established that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v.Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Because the affidavits were not before the trial court, this courtsua sponte strikes from appellant's brief any reference to them.