OPINION
Defendant-appellant, Timothy S. Workman, appeals the decision of the Butler County Court of Common Pleas denying his motion for a new trial. We affirm the decision of the trial court.
In July 1993, appellant and Jamie Clark hitchhiked a ride from Jeff Norris who was driving his father's 1990 Jeep Cherokee. Appellant and Clark asked Norris to pull the vehicle to the side of the road. When Norris complied, Clark pointed a chrome-plated handgun at Norris' chest and demanded that he get out of the vehicle. After Norris exited the vehicle, appellant got into the driver's seat and drove away.
Norris walked home and reported the car jacking to the Middletown police. The Middletown police logged pertinent information about the stolen vehicle in the National Crime Information Center computer database.
At some time after midnight on the day of the car jacking, Montgomery County law enforcement officers stopped the Cherokee on Interstate 675. The arresting officer apprehended Clark, but three others fled the vehicle and escaped. The Miamisburg police apprehended appellant hours later.
Appellant admitted to Detective Scott Montgomery that the Jeep Cherokee was stolen and he drove it. Appellant also stated that he, Clark and his friend Chris Halsey had possession of an operable chrome plated semi-automatic handgun. When the Middletown police questioned him, appellant admitted that he was in the Cherokee when it was stolen, but he denied participation in the offense. Norris identified appellant in a photographic lineup as one of the persons who stole the Cherokee from him at gunpoint.
Appellant was indicted on one count of aggravated robbery with a firearm specification and tried before a jury. At trial, appellant contradicted his prior statements to police and he denied that the vehicle was stolen. Instead, appellant testified that he saw Norris give the keys to Halsey and that Halsey used the vehicle to get "dope." The next day, Halsey and some friends picked up appellant at a Burger King. Appellant drove the vehicle to a car wash to vacuum out the marijuana seeds and stems, and then he drove it to Montgomery County. Appellant admitted that he fled from the Cherokee when law enforcement officials stopped it that night in Montgomery County.
The jury convicted appellant for aggravated robbery with a firearm specification on March 18, 1993. Appellant appealed his conviction. This court dismissed appellant's appeal as wholly frivolous pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, and affirmed his conviction. Three years later, appellant filed the first of a series of motions for a new trial with the trial court on the basis that he had newly-discovered evidence.
Appellant's "new evidence" merely consisted of correspondence from Halsey and Clark purporting to be "true statements" of the events that led to appellant's conviction. The statements maintained that Norris actually loaned them the Cherokee and that he lied about them stealing the vehicle at gunpoint.
The trial court denied appellant's motion. One month later, appellant sent a letter to the trial court requesting a ruling on the motion that the trial court had already denied. The trial court construed the letter as another motion for a new trial and summarily denied it.
One year later, appellant filed yet another motion for a new trial, asserting that there was newly-discovered evidence. This newly-discovered evidence consisted of the same statements from Clark and Halsey that appellant submitted to the trial court in his first motion. Before the trial court decided the motion, appellant moved the trial court for a new trial two more times in a four-month period. The trial court denied all of appellant's motions.
Undaunted by his lack of success, appellant filed another motion for a new trial on February 14, 2000, nearly six years and eleven months after his conviction. Again, appellant asserted that certain "new evidence" required that he be retried. This new evidence consisted of more copies of the same correspondence from Halsey and Clark, a new affidavit again purporting to be the "true statement" of Halsey, and a copy of his signed statement made to Detective Montgomery regarding the armed robbery of a doughnut store. The trial court denied appellant's motion.
From the decision of the trial court, appellant appeals and raises three assignments of error.
Assignment of Error No. 1:
 The trial court abused its discretion in denying Appellant's motion for new trial in violation of rights guaranteed by Article I, § 10 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.
In his first assignment of error, appellant argues that the trial court erred by denying his motion for a new trial. Appellant maintains that his "newly-discovered evidence" proves his "actual innocence" and misconduct by the state.
Crim.R. 33 provides the grounds for which the trial court may grant a new trial and sets forth the time limitations for filing a motion for a new trial. Motions for a new trial on the basis of newly-discovered evidence must be filed within one hundred twenty days of the verdict. Crim.R. 33(B). The trial court may grant the defendant leave to file a belated motion if the trial court finds that by clear and convincing evidence that the defendant was unavoidably prevented from filing the motion within this time period. Id. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. Where a trial court finds that a defendant was unavoidably prevented from filing a motion for a new trial within the applicable time period, the defendant must file a motion for a new trial within seven days of the order finding that the defendant was so prevented. Id. The trial court has no discretion to extend these time requirements. Crim.R. 45(B).
In order to prevail on a motion for a new trial based upon newly-discovered evidence pursuant to Crim.R. 33(A)(6), the defendant must establish that the evidence: (1) is of such weight that it creates a strong probability that a different result would be reached at the second trial; (2) has been discovered since trial; (3) could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence. State v. Hawkins
(1993), 66 Ohio St.3d 339, 350, quoting State v. Petro (1947),148 Ohio St. 505, syllabus.
The decision to grant or deny a motion for new trial is within the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. State v. Scheibel
(1990), 55 Ohio St.3d 71, paragraph one of the syllabus. The term "abuse of discretion" requires more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466,470; State v. Moreland (1990), 50 Ohio St.3d 58, 61.
In this case, the trial court did not abuse its discretion in denying appellant's motion for two reasons. First, appellant's motion is untimely. Appellant's motion for a new trial comes almost six years and eleven months after the verdict in his first trial. Appellant failed to demonstrate by clear and convincing evidence that he was unavoidably prevented from filing his motion within one hundred twenty days of the verdict and the trial court did not grant him leave to file his motion out of time.
Second, appellant's "newly-discovered evidence" does not warrant a new trial. Appellant offers no reason why the information contained in the "true statements" of Halsey and Clark and the recent affidavit from Halsey could not have been discovered before trial in the exercise of due diligence. The assertions contained in these documents support the alibi defense appellant put forth at trial and to that extent they are merely cumulative. The statements do little more than contradict appellant's own statements to the police, which the state offered at trial, admitting that he was present during the robbery and that he drove the stolen vehicle.
Appellant's signed statement about the armed robbery of a doughnut store was certainly available to him prior to trial and was, in fact, in the possession of his trial attorney. Appellant claims that this statement proves that Detective Montgomery committed perjury at his trial because Detective Montgomery testified that appellant did not make a recorded statement. Whether or not appellant made a recorded statement in connection with any other crime is irrelevant to testimony about appellant's lack of a recorded statement with regard to the crime in this case. The copy of the recorded statement does not prove that Detective Montgomery committed perjury and, at best, its only value would be for impeachment purposes.
Finally, there is no strong probability that any or all of appellant's "newly-discovered evidence" would change the outcome of proceedings if the trial court granted a new trial. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 The trial court abused its discretion in failing to conduct a hearing on Appellant's motion for new trial in violation of Article I, § 10 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.
In his second assignment of error, appellant maintains that the trial court erred by failing to conduct a hearing regarding his motion for new trial.
It is well-established that a trial court has broad discretion to determine whether it is necessary to hold an evidentiary hearing on a motion for a new trial. State v. Smith (1986),30 Ohio App.3d 138, 139; Toledo v. Stuart (1983), 11 Ohio App.3d 292,293. Given the stated deficiencies in defendant-appellant's "newly-discovered evidence," the trial court did not abuse its discretion in failing to conduct an evidentiary hearing on defendant-appellant's motion for a new trial. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 The trial court's denial of Appellant's motion for new trial constitutes a manifest miscarriage of justice in that he is actually innocent.
In his third assignment of error, appellant asserts that the trial court's decision denying his motion for a new trial is a manifest miscarriage of justice because he is "actually innocent."
A jury determined appellant's guilt over seven years ago and none of appellant's "newly-discovered evidence" warrants the granting of a new trial. Since we have decided that the trial court did not abuse its discretion in denying appellant's motion, appellant's third assignment of error is overruled.
Judgment affirmed.
 ______________________________ POWELL, P.J.
YOUNG and WALSH, JJ., concur.