OPINION
Appellant Larry D. Raver appeals the decision of the Fairfield County Court of Common Pleas, which denied his motion for leave to file for a new trial and his request for conveyance to be present for oral hearing. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows. In the early morning hours of May 6, 1983, Kenneth Popham, manager of a Standard Oil service station in Reynoldsburg, Ohio, was shot and fatally injured while at work. On May 20, 1983, the Fairfield County Grand Jury indicted appellant for the murder of Popham. Following a jury trial, appellant was found guilty and sentenced to imprisonment for fifteen years to life, with a consecutive three-year firearm specification sentence. Appellant thereafter appealed to this court, which affirmed the conviction and sentence. See State v. Raver (Apr. 19, 1984), Fairfield App. No. 56-CA-83, unreported. On October 7, 1999, appellant filed a motion for leave to file for a new trial. The trial court issued a notice that the matter would come on for a "non-oral ruling." On November 9, 1999, appellant filed a request for conveyance to be present for an oral hearing. The trial court judge entered a ruling on December 2, 1999, denying appellant's request for an oral hearing, but rescheduling the planned non-oral hearing in order to allow submission of additional evidence and/or arguments. On January 13, 2000, appellant filed addenda to his motion for new trial, attaching twenty exhibits in the form of various transcript portions, letters, and other documents. The trial court thereafter overruled appellant's motion on March 8, 2000. Appellant filed his notice of appeal on April 3, 2000. He herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN DENYING DEFENDANT'S CRIM. R. 33(B) MOTION FOR LEAVE TO FILE DELAYED MOTION FOR A NEW TRIAL DUE TO NEWLY DISCOVERED EVIDENCE.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN DENYING DEFENDANT'S MOTION TO CONVEY FOR ORAL HEARING ON DEFENDANT'S CRIM. R. 33(B) MOTION FOR LEAVE TO FILE DELAYED MOTION FOR A NEW TRIAL DUE TO NEWLY DISCOVERED EVIDENCE.
 I.
In his First Assignment of Error, appellant contends that the trial court improperly denied his attempt to obtain a new trial based on newly discovered evidence. We disagree. Since the granting or denying of a motion for a new trial based on newly discovered evidence is within the sound discretion of the trial court, this court will reverse only upon abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151. Pursuant to Crim.R. 33(B): * * * Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
See also State v. Pinkerman (1993), 88 Ohio App.3d 158. Thus, to obtain leave to file a motion for a new trial based on newly discovered evidence, appellant had to show "by clear and convincing proof" that he was unavoidably prevented from discovering such evidence within one hundred twenty days after the verdict. In reviewing the trial court's denial of appellant's motion for leave to file a motion for a new trial, this court must review the record to determine whether appellant presented sufficient evidence to meet the "clear and convincing" standard. However, when there exists competent and credible evidence supporting the trial court's decision, this court cannot substitute its judgment for that of the trial court. State v. Schiebel (1990), 55 Ohio St.3d 71. Furthermore, to warrant the granting of a new trial based on newly discovered evidence, the new evidence must not merely impeach or contradict former evidence. State v. Petro (1947), 148 Ohio St. 505. Appellant's arguments in regard to new evidence essentially center on three components. The first is a 1983 affidavit prepared by Betty Borgan, an employee of the Mule Skinner Lounge, where appellant stopped for drinks on the night of the Popham murder. She averred that she served him beverages that night, but that he was not thrown out of the bar as had been alleged. The second document is a 1984 affidavit by Thoms Minnear, proprietor of the a Reynoldsburg business called Old Town Drive-thru, wherein he avers that appellant did not stop as a customer on the evening of May 5, 1983. The third portion of the alleged new evidence pertains to ballistics reports which appellant contends indicate a mixing of ammunition found at the scene with other ammunition utilized during the investigation. Appellant, in support of his motions, submitted his own twenty-six page affidavit averring numerous alleged discrepancies and events related to the 1983 trial. However, even though appellant generally avers therein that he was unavoidably prevented from discovering the alleged newly discovered evidence in a timely manner, he markedly fails to articulate how and why he or his then-counsel were so prevented. Under the rule, he must demonstrate more than the mere fact that the three documentary components noted above were not in his possession until after the 120-day limit. His burden is to demonstrate that the new evidence "* * * is such as could not in the exercise of due diligence have been discovered before the trial." Petro, supra, syllabus. Even the fact of his incarceration, by itself, does not equate to clear and convincing proof that he was unavoidably prevented from discovering the evidence within the Crim.R. 33(B) time parameters. State v. Smith (March 27, 1998), Miami App. No. 97 CA 46, unreported. Appellant's zeal in pursuing a new trial is evident in the fact that he filed no less than 220 pages of motions and supporting material with the trial court between October 7, 1999 and January 14, 2000. However, much of this material pertains not to the "new evidence" issues raised in the present appeal, but rather seek to re-open issues such as effectiveness of trial counsel or sufficiency of the original evidence. After careful review of the record, there was competent and credible evidence supporting the trial court's finding that appellant failed to prove, under a clear and convincing standard, that he had been unavoidably prevented from the discovery of the evidence upon which he is relying, and we find that the trial court did not err in denying appellant's motion for leave to file a delayed motion for a new trial. Appellant's First Assignment of Error is overruled.
 II.
Regarding appellant's second Assignment of Error, it is well established that a trial court has broad discretion to determine whether it is necessary to hold an evidentiary hearing on a motion for a new trial. State v. Smith (1986), 30 Ohio App.3d 138, Toledo v. Stuart (1983), 11 Ohio App.3d 292. The caselaw cited by appellant, e.g., State v. Wright (1990), 67 Ohio App.3d 827, does not mandate an evidentiary hearing in every case of this nature, as appellant infers. Given the deficiencies in appellant's obtaining of new evidence as noted in our review of appellant's First Assignment of Error, we hold that the trial court did not abuse its discretion in declining to conduct an evidentiary hearing on appellant's motion for a new trial. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is hereby affirmed.
 _______________________ READER, V. J.