OPINION
{¶ 1} Appellant Ronald Spangler, Jr. appeals the decision of the Delaware County Court of Common Pleas that denied his motion for leave to file a delayed motion for new trial. The following facts give rise to this appeal.
 {¶ 2} On August 17, 1993, the Delaware County Grand Jury indicted appellant for unlawful possession of a dangerous ordnance, aggravated robbery and a firearm specification. This matter proceeded to trial on September 9, 1993. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to eleven to twenty-five years.
 {¶ 3} Subsequently, appellant appealed his conviction to this court. On June 23, 1994, we reversed appellant's conviction and remanded the matter for a new trial.[1] Upon remand, this matter proceeded to trial on December 12, 1994, and appellant was again found guilty of aggravated robbery and a firearm specification. The trial court sentenced appellant to eight to twenty-five years in prison. Appellant appealed his conviction. We affirmed appellant's conviction on December 8, 1995.[2]
 {¶ 4} Thereafter, appellant filed a petition to set aside the sentence of May 22, 1996. The trial court overruled appellant's petition on August 26, 1996. Appellant filed a second petition to vacate sentence on September 20, 1996. The trial court dismissed appellant's second petition on July 17, 1997. Appellant appealed this decision. We dismissed appellant's appeal, on March 30, 1998, for want of prosecution. Appellant filed a motion for reconsideration, of the dismissal, which we granted. On October 16, 1998, we affirmed the trial court's decision denying appellant's request to vacate his sentence. Appellant filed an application for reconsideration, which we denied on December 3, 1998.
 {¶ 5} On October 12, 2000, appellant filed a motion for leave to file a delayed motion for a new trial. Appellant based this motion upon the affidavit of Bryan Johnson. Mr. Johnson testified, at a hearing conducted by the trial court, that he met Christopher Kraus at a party, in the summer of 1996, and that Kraus told him that he committed the crime for which appellant was incarcerated. Johnson also sent a letter to the Delaware Prosecutor's Office regarding this conversation he had with Kraus. On October 15, 2002, the trial court denied appellant's motion on the basis that it was untimely.
 {¶ 6} Appellant filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. The trial court abused its discretion when it denied the appellant's motion for leave to file a delayed motion for new trial."
 I {¶ 8} In his sole assignment of error, appellant maintains the trial court abused its discretion when it denied his motion for leave to file a delayed motion for new trial. We disagree.
 {¶ 9} "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." State v. Schiebel
(1990), 55 Ohio St.3d 71, paragraph one of the syllabus. An abuse of discretion standard also applies to motions for leave to file a delayed motion for new trial. State v. Pinkerman (1993), 88 Ohio App.3d 158,160. Further, our standard of review regarding a trial court's decision to deny a hearing on a motion for a new trial is also abuse of discretion. Toledo v. Stuart (1983), 11 Ohio App.3d 292, 293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's sole assignment of error.
 {¶ 10} Appellant claims, in his motion for leave to file a delayed motion for new trial, that he is entitled to a new trial based upon newly discovered evidence. The trial court concluded appellant failed to demonstrate, by clear and convincing evidence, that he was unavoidably prevented from the discovery of the alleged confession by Christopher Kraus. Judgment Entry, Oct. 15, 2002, at 1. Crim.R. 33(A)(6) addresses the request for a new trial based upon newly discovered evidence and provides:
"(A)Grounds
 "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
"* * *
 {¶ 11} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given * * *."
 {¶ 12} In addition, Section (B) of Crim.R. 33 addresses the time frame for filing a motion for new trial and provides as follows:
"(B) Motion for new trial; form, time
"* * *
 {¶ 13} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 14} In the case of State v. Petro (1947), 148 Ohio St. 505, syllabus, the Ohio Supreme Court set forth a six-part test for granting a new trial based upon newly discovered evidence. The Court held:
 {¶ 15} "To warrant the granting of a motion for new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. [Citations omitted.]"
 {¶ 16} In his motion for leave to file a delayed motion for new trial, appellant submitted the affidavit of Bryan Johnson. The affidavit outlines an encounter Bryan Johnson had with Christopher Kraus, at a party, in 1996. At this party, Johnson claims Kraus told him that he committed the crime for which appellant was currently incarcerated. Bryan Johnson further states that he attempted to contact the Delaware County Prosecutor's Office, by letter, to inform them of the confession by Kraus. However, at this same time, Johnson had a motion pending, before the trial court, for early release from the felony sentence he was serving at the Correctional Reception Center.
 {¶ 17} Before the trial court ruled on Johnson's motion for early release, Detective Mark Leatherman visited him at the Correctional Reception Center. Bryan Johnson claims Detective Leatherman informed him that the prosecutor's office was upset about the letter he sent informing them of the alleged confession by Kraus. The detective also allegedly told Johnson that if he testified for appellant about the Kraus confession, he would not receive an early release.
 {¶ 18} Thereafter, the trial court held a hearing on Bryan Johnson's motion for early release. At the hearing, and off the record, Detective Leatherman and the prosecutor asked Bryan Johnson if he would testify about the alleged confession made by Kraus. Bryan Johnson indicated that he would not and the trial court granted his motion for early release.
 {¶ 19} Appellant argues, on appeal, that he could not have produced Bryan Johnson's affidavit within one hundred and twenty days, after the 1994 verdict, because the prosecutor's office coerced Bryan Johnson into not disclosing the alleged confession.
 {¶ 20} In its response, the state argues appellant has been professing, since the time of his arrest, that Kraus is the true culprit. Appellant has previously raised this issue with different witnesses. Thus, the state maintains the alleged confession by Kraus is not newly discovered evidence. The state also maintains there is no reliable evidence produced for the trial court that supports appellant's claim that he was unavoidably prevented from discovering this "new" evidence. Finally, the state points out that Christopher Kraus was a witness at appellant's trial and appellant could have presented this information, about the true perpetrator of the crime, at the time of trial.
 {¶ 21} After reviewing Bryan Johnson's affidavit and the remainder of the record in this matter, we conclude the trial court did not abuse its discretion when it denied appellant's motion for leave to file a delayed motion for a new trial. Appellant's motion is untimely. Appellant failed to demonstrate, by clear and convincing evidence, that he was unavoidably prevented from the discovery of the evidence upon which he bases his motion. The record indicates Christopher Kraus testified, at trial, and he could have been questioned concerning the alleged perpetrator. However, no such questions were asked by defense counsel at trial. The record also demonstrates that appellant was aware of Bryan Johnson's conversation with Christopher Kraus, since October 1997, but did not file the motion currently under consideration until 2000.
 {¶ 22} We also agree with the trial court's conclusion that appellant failed to demonstrate a bona fide basis for his motion. The trial court found Bryan Johnson's credibility dubious. Further there has been no showing that the purported declarant, Christopher Kraus, is unavailable to testify. Also, appellant failed to show any corroborating circumstances that clearly indicate the trustworthiness of the statement allegedly made by Christopher Kraus to Bryan Johnson.
 {¶ 23} The trial court did not abuse its discretion when it denied appellant's motion for leave to file a delayed motion for a new trial.
 {¶ 24} Appellant's sole assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, J. Hoffman, P.J., and Edwards, J., concur.
[1] State v. Spangler (June 23, 1994), Delaware App. No. 93 CA 09033.
[2] State v. Spangler (Dec. 8, 1995), Delaware App. No. 95CAA01001.