JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Daniel Blaine, appeals from the Common Pleas Court judgment, rendered after a jury trial, finding him guilty of felonious assault and sentencing him to two years of community control sanctions, plus restitution for the medical bills of the victim. For the reasons that follow, we affirm.
 {¶ 2} The record reflects that the Cuyahoga County Grand Jury indicted Blaine and two co-defendants, Sarah Martin and Christopher Krzynowek, on one count of felonious assault for causing or attempting to cause physical harm by means of a deadly weapon, i.e., a beer bottle, and one count of felonious assault for knowingly causing serious harm. All defendants pled not guilty and the case proceeded to trial.
 {¶ 3} The victim, Allen J. Gero, Jr., testified that at approximately 6:30 p.m. on September 28, 2003, he and his father went to Dailey's Bar in Lakewood. As he sat at the bar, Gero engaged in conversation with Blaine, and Blaine's girlfriend, Laura Dailey, who was sitting on a stool next to him. Gero testified that his arm was draped casually over the back of Dailey's bar stool as he talked to her. According to Gero, Dailey left her stool for a few minutes, and when she sat back on the stool, his hand inadvertently brushed her back.
 {¶ 4} Dailey then got off her barstool and spoke with boyfriend Blaine. Gero testified that Blaine then approached him and asked him what had happened. After Gero told Blaine that it had been an accident, Blaine went over to the corner of the bar, where several of his friends, including co-defendant Krzynowek, were sitting. After conferring with them, Blaine returned to his bar stool, which was close to Gero.
 {¶ 5} According to Gero, Blaine took a sip of his beer and then suddenly lunged at him, knocking him backwards off his stool. Gero testified that Blaine hit him twice in the head, but when Gero hit back, Blaine's friends jumped into the fray and began kicking and punching him too. According to Gero, Krzynowek and another male pulled him up by his arms and Krzynowek then hit him repeatedly in his face. Krzynowek then threw Gero into the wall, grabbed him, and hit him again. Gero testified further that the bartender, co-defendant Martin, then came from behind the bar, hit him in the head with a beer bottle, and said, "That's what you get." The males then threw Gero out the front door of the bar. He stumbled to a Burger King across the street and asked the employees to call 9-1-1 for him.
 {¶ 6} The medics took Gero to the hospital, where a two-centimeter laceration to his forehead was closed. He was also treated for contusions of the face, head and neck, abdominal bruising, and neck sprain. He was released after two days in the hospital.
 {¶ 7} Pamela Krzynowek, co-defendant Krzynowek's wife, testified for the defense that she and her husband were at Dailey's shooting darts on September 28, 2003. She heard Gero ask Blaine, "Well, what are you going to do, hit me?" and then saw Gero and Blaine start fighting. Pamela testified that her husband and another male broke up the fight, but when she asked Gero to leave, he shoved her into the bar. Co-defendant Krzynowek then began fighting with Gero. Pamela testified that several other people in the bar broke up this fight, pushed Gero out of the bar, and then locked the front door when Gero kept pounding on it. According to Pamela, who is co-defendant Martin's sister, Martin never hit Gero with a beer bottle.
 {¶ 8} Laura Dailey testified that she told Blaine that Gero put his hand down her pants. According to Daily, when Blaine asked Gero if that were true, Gero responded, "No, what are you going to do, beat me up?" and then lunged at him.
 {¶ 9} Blaine likewise testified that Gero lunged at him first when he confronted him regarding what had happened. Blaine admitted that he hit Gero twice and then wrestled with him on the floor. According to Blaine, an unknown individual broke up the fight, but when Gero got to his feet, he pushed Pamela Krzynowek into the bar, and Christopher Krzynowek and Gero then began fighting. Blaine testified that one of the patrons in the bar eventually pushed Gero out the front door, but, when he kept banging on the door, the same individual opened the door, punched Gero in the face, then slammed the door shut and locked it.
 {¶ 10} Co-defendant Martin testified that as she was bartending that evening, she saw Gero's hand go down Dailey's back and touch her skin beneath her midriff top. She saw Dailey speak to Blaine and then saw Blaine talking with his friends in the corner. Martin testified that she then saw Blaine "cold-cock" Gero and knock him off his barstool. According to Martin, as Gero and Blaine were wrestling on the floor, Pamela Krzynowek told Gero to leave. Martin saw Gero push Pamela into the bar, and then saw Christopher Krzynowek and Gero start fighting. Martin denied that she hit anyone with a beer bottle that evening.
 {¶ 11} The trial court denied all defendants' Crim.R. 29(A) motions for acquittal. The jury acquitted Martin and Krzynowek of both counts. The jury acquitted Blaine of count one, causing or attempting to cause physical harm by means of a beer bottle, but found him guilty of count two, knowingly causing serious physical harm to Gero. The trial court subsequently denied Blaine's motion for a new trial.
 {¶ 12} Blaine now asserts three assignments of error on appeal.
 SUFFICIENCY OF THE EVIDENCE {¶ 13} In his first assignment of error, Blaine contends that the trial court erred in denying his Crim.R. 29(A) motion for acquittal because the State failed to prove the elements of either count one or count two of the indictment.
 {¶ 14} Crim.R. 29(A) provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of face could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 15} Blaine's argument regarding count one is moot because the jury found him not guilty of this count.
 {¶ 16} With respect to count two, R.C. 2903.11 provides that "no person shall knowingly cause serious physical harm to another." "Serious physical harm" includes "any physical harm that involves * * * some temporary, substantial incapacity" or "any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement." R.C.2901.01(A)(5).
 {¶ 17} Blaine first contends that the evidence was insufficient to support his conviction of felonious assault because he only hit Gero twice in the head, but Martin hit him with the beer bottle and Krzynowek punched him repeatedly. He apparently disputes the jury's finding that he, rather than Martin or Krzynowek, caused the harm to Gero. He argues that in light of the "contradictory evidence" presented at trial, the trial court erred in denying his motion for acquittal. We disagree.
 {¶ 18} Although the testimony at trial differed regarding whether Gero or Blaine attacked first, the testimony was clear that Blaine and Gero hit each other and then wrestled on the floor. The jury could have determined that, during this fight, Blaine caused serious physical harm to Gero.
 {¶ 19} Blaine further contends that the medical records do not substantiate the finding of "serious physical harm" required for conviction. This argument is compelling, but ultimately unpersuasive.
 {¶ 20} In State v. Walker (June 18, 1987), Cuyahoga App. No. 52391, this court held that where injuries are serious enough to cause a victim to seek medical treatment, a jury may reasonably infer that the force used by a defendant caused serious physical harm. That finding is, however, not mandated; a victim's decision (or financial ability) to seek medical treatment should not be viewed as solely dispositive of the issue of serious physical harm.
 {¶ 21} Here, the laceration on Gero's forehead required five stitches and he remained in the hospital two days for observation. Moreover, the medical records indicate that Gero was treated for "contusion of face/scalp/neck," "contusion of abdominal wall," and "neck sprain." In light of that evidence, a jury could reasonably conclude there was "serious physical harm" as contemplated by R.C. 2901.01(A)(5).
 {¶ 22} Appellant's first assignment of error is therefore overruled.
 {¶ 23} In his second assignment of error, Blaine contends that the trial court erred in denying his Crim.R. 33 motion for a new trial.
 {¶ 24} Crim.R. 33(A)(4) specifies when a trial new may be granted:
 {¶ 25} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial right * * * (4) that the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified."
 {¶ 26} A trial court should not grant a Crim.R. 33 motion for new trial lightly. State v. Williams (Sept. 13, 1990), Cuyahoga App. No. 57464, citing Toledo v. Stuart (1983),11 Ohio App.3d 292, 293. The grant of a motion for a new trial pursuant to Crim.R. 33 is within the discretion of the trial court, and an appellate court will not reverse the trial court's order unless there has been an abuse of discretion. Id., citing State v.Shepard (1983), 13 Ohio App.3d 117.
 {¶ 27} Blaine contends that the trial court erred in denying his motion for a new trial because the verdict of felonious assault is not sustained by sufficient evidence and, at most, he is guilty of assault. He argues that neither the hospital medical reports nor the photos of Gero taken four days after the beating substantiate a finding of serious physical harm and, thus, do not warrant a conviction for felonious assault. He further contends that it was inconsistent for the jury to convict him of felonious assault, but acquit Martin and Krzynowek. These are the same arguments we rejected with respect to assignment of error one.
 {¶ 28} As discussed above, the medical records indicate that Gero's injuries necessitated a stay in the hospital for observation and five stitches to close a laceration on his forehead. Thus, Gero's injuries resulted in "some temporary, substantial incapacity," as set forth in the definition of "serious physical harm" in R.C. 2901.01(A)(5). Moreover, the jury was presented with the lesser charge of assault, requiring a finding that there was simply physical harm. They did not find Blaine guilty of assault, however. Accordingly, the record contains sufficient evidence to demonstrate that Gero suffered serious physical harm during the bar fight.
 {¶ 29} With respect to Blaine's argument that it was inconsistent for the jury to convict him, but acquit the other two co-defendants, Blaine admitted that he hit Gero twice and wrestled with him on the floor. The jury apparently rejected Gero's testimony that Martin hit him on the head with a beer bottle and that Krzynowek hit him repeatedly, perhaps because Gero's testimony that he only had four beers from 1:00 p.m. to 9:00 p.m. that day was refuted by the hospital's finding that his blood alcohol level was significantly elevated.
 {¶ 30} The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 231. Moreover, a verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. Here, the record contains sufficient evidence to support the jury's verdict. Accordingly, the trial court did not abuse its discretion in denying Blaine's motion for a new trial.
 {¶ 31} Appellant's second assignment of error is overruled.
 {¶ 32} In his third assignment of error, Blaine contends that his felonious assault conviction was against the manifest weight of the evidence.
 {¶ 33} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has mets its burden of persuasion. State v.Thompkins (1997), 78 Ohio St.3d 380, 390. When considering an appellant's claim that the conviction is against the weight of the evidence, a reviewing court sits essentially as a "`thirteenth juror' and [may] disagree with the fact finder's resolution of the conflicting testimony." Thompkins, supra at 387, quoting Tibbs v. Florida (1982), 457 U.S. 31, 42. The reviewing court must examine the entire record, weighing the evidence and considering the credibility of witnesses, while being mindful that credibility generally is an issue of fact for the trier of fact to resolve. State v. Thomas (1982),70 Ohio St.2d 79, 80. The court may reverse the judgment of conviction if it appears that the jury, in resolving conflicts in the evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 34} After reviewing the entire record, weighing the evidence, and considering the credibility of the witnesses, we are not persuaded that the jury lost its way and created such a miscarriage of justice that Blaine's conviction must be reversed. As discussed above, the jury could have reasonably concluded that Blaine caused serious physical harm to Gero when he hit him and wrestled with him during the bar fight.
 {¶ 35} Appellant's third assignment of error is therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Corrigan, J., concur.