### KARAVARA v FAKAS

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 20, 1933

Nicholson & Warnock, Youngstown, for plaintiff in error.
William E. Ffau, Youngstown, for defendant in error.

## OPINION

By FARR, J.

The first claim of error is that there was incompetent evidence adduced upon the trial below. Karavara was interrogated with reference to a prior injury, perhaps by the Erie Railroad or some of its operatives. He denied this and upon the trial there was offered in evidence some of the pleadings and some testimony reflecting directly upon the prior injury to Karavara and his action to recover, in which he had received, by the good offices of counsel, the sum of $1800.00 in settlement for his injuries. This testimony was offered and properly received, because it at least, and

to say the least, was a fair test of the memory and credibility of Karavara.

Next, it is insisted that the judgment in this cause is against the weight of the evidence. However, in view of the fact that probably the cause may be tried again, the court prefers not to express any view with reference to the weight of the evidence.

Lastly, and perhaps one of the most important claims of error, is that the trial court charged fully upon the question of contributory negligence, which would reflect directly upon the conduct of Karavara. He testifies that when they were approaching these parked automobiles that he saw the car driven by Slick coming in the distance, and apprehending the danger he claims, as disclosed at page 63 of the record, that he said:

"Q. Now, at the time you were going toward the place where the collision took place, and just before you got there, how fast was Mr. Fakas driving his car, if you are able to tell us?

A. About thirty-five to forty miles an hour.

Q. Whereabouts in the street was his car traveling?

A. It was about five to six feet from the curb.

Q. Did you say anything to him?

A. Yes.

Q. What did you say?

A. Before we got near the car I told Fakas to watch those cars, that a car was coming from the east.

Q. Did you say anything to him about the speed of the car?

A. Yes, I told him to stop. He was going too fast.

Q. What did he say?

A. 'All right,' he says, 'I know'.

Q. Did he slow down any?

A. No, not at all."

Therefore, the foregoing is Karavara's statement as to what he said when he saw the situation of the parked cars, the car driven by Slick and the car driven by Fakas. Fakas is interrogated upon the same subject and he says, at page 33 of the record:

"Q. Now, as you went along there, isn't it a fact that Karavara called your attention to these cars and told you to slow down? Didn't he tell you that?

A. He spoke something to me about that, but I don't know.

Q. What?

A. He spoke something about that.

Q. That was when you were back two or three hundred feet away from the place where the collision happened?

A. I don't know."

Thus it appears by the testimony of two witnesses that Karavara spoke to Fakas as to the situation just prior to the collision of the two cars. Just what more Karavara could have done under the circumstances would be difficult to understand. The time was short and Karavara evidently did all he could to avoid an accident. Fakas was driving at a fair rate of speed, rapidly approaching the point of collision and says when he drew up just behind the car parked on his side of the street he turned sharply to the left and met Slick and his car traveling in the opposite direction. And yet in view of this situation in the evidence, and Karavara being practically corroborated by Fakas, the court charged quite fully upon the question of contributory negligence. That issue is not raised in the pleadings and it is not believed that it is raised by this testimony in the case. Therefore, what is the effect of charging upon a proposition or an issue not raised by the pleadings or the evidence?

One Ohio case is decisive of this issue and it is **Traction Company v Stephens, 75 Oh St, 171.** The first proposition of the syllabus reads as follows:

"In an action to recover damages for wrongful death, in which there is no issue of contributory negligence in the pleadings, and in which, on the trial, the defense is wholly that the defendant was not guilty of negligence, it is prejudicial error to charge the jury at length upon the subject of contributory negligence, and that there was such an issue, and that the burden lay upon the defendant to establish it."

The foregoing principle is adhered to in many cases and announced by many authorities, that it is prejudicial for the trial court to charge upon an issue not raised by the evidence or the pleadings. Such was the situation in the instant case. Therefore, for the reason that there is error in the charge of the trial court in that behalf, the judgment is reversed and the cause remanded.

Judgment reversed.

POLLOCK and ROBERTS, JJ, concur in the judgment.