**WHITENIGHT et al., Appellants,**

**v.**

**DOMINIQUE et al., Appellees.**

[Cite as *Whitenight v. Dominique* (1995), 102 Ohio App.3d 769.]

Court of Appeals of Ohio,
Third District, Van Wert County.

No. 15–94–10.

Decided May 12, 1995.

*Hatcher, Diller, Rice & Beebe* and *W. Edward Hatcher*, for appellants.

*Nancy J. Gill*, for appellees.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal by plaintiffs-appellants Nancy and David Whitenight from a judgment entered on a jury's verdict by the Court of Common Pleas of Van Wert County in favor of defendants-appellees Jerry A. Dominique and Bolton's Lawn Care, Inc. (collectively "Dominique").

On May 28, 1991, Nancy was working at a convenience store drive-through checkout window. Dominique, driving a vehicle pulling a "modified snowmobile trailer," drove up to the drive-through window and ordered some items from Whitenight. While Dominique waited in the checkout lane, a police officer approached him and asked to speak with him outside of the checkout lane. After receiving his order and change from Nancy, Dominique drove through the checkout lane and stopped to talk with the police officer. Nancy then approached Dominique and told him that he struck and injured her.

On January 28, 1993, Whitenight[1] filed an amended complaint against Dominique asserting his negligence. On February 11, 1993, Dominique filed his answer generally denying liability for Whitenight's injuries. On March 21 and 22, 1994, a jury trial was held and thereafter the jury returned a verdict in favor of Dominique. On June 1, 1994, the trial court entered its judgment journalizing the jury's verdict. On June 8, 1994, Whitenight filed a motion for judgment notwithstanding the verdict and, alternatively, a motion for a new trial. On August 18, 1994, the trial court denied both motions.

Whitenight now appeals and assigns two assignments of error of which the first is:

"The trial court abused its discretion in not curing defendants-appellees' counsel's improper statement of the law during the final argument."

Whitenight complains that defense counsel made two improper remarks to the jury concerning the law during closing statement and the trial court erred by failing to give curative instructions to the jury thereafter.

The record shows that Whitenight objected to only one of the two defense remarks in questions and did not, on either occasion, request that the trial court give curative instructions to the jury. As stated in *State v. Lancaster* (1971), 25 Ohio St.2d 83, 54 O.O.2d 222, 267 N.E.2d 291, paragraph one of the syllabus:

"Generally, an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." (Citation omitted.)

Thus, Whitenight's counsel's failure to request that the trial court give curative instructions to the jury, and counsel's failure to even enter an objection to one of the remarks now challenged, preclude any complaint now on this issue. However, we feel constrained to note that (1) defense counsel's remarks were not necessarily an incorrect statement of the law in the first instance, (2) no prejudicial effect to appellant has been shown by the record, and (3) the trial court, before retiring the jury for deliberations, correctly instructed the jury on the law relevant to this case.

Appellant's first assignment of error is not well taken.

Appellant's second assignment of error is:

"The trial court erred in overruling the plaintiffs-appellants' motion for judgment notwithstanding the verdict, or in the alternative, for a new trial."

---

1. Hereinafter, we refer to both Nancy and David as "Whitenight."

In *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 275, 74 O.O.2d 427, 430, 344 N.E.2d 334, 338, the court stated:

"The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." (Citations omitted.)

 Although it is necessary to review and consider the evidence, a motion for judgment notwithstanding the verdict is a question of law, not a question of fact. See *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896; *Altmann v. Southwyck AMC–Jeep–Renault, Inc.* (1991), 76 Ohio App.3d 92, 95, 601 N.E.2d 122, 125. Further, in *Fischer v. Dairy Mart Convenience Stores, Inc.* (1991), 77 Ohio App.3d 543, 551–552, 602 N.E.2d 1204, 1208–1209, it is stated:

"A reviewing court must construe the evidence adduced at trial and all reasonable inferences arising therefrom, most strongly in favor of the non-moving party, in addition to assuming the truth of all evidence in support of that party's claims." Cf. *Upshaw v. Cent. Foundry Div., Gen. Motors Corp.* (1992), 82 Ohio App.3d 636, 638, 612 N.E.2d 1283, 1284.

 Whitenight also filed, in the alternative, a motion for a new trial. Whitenight based this motion on the assertion that the judgment was not sustained by the weight of the evidence. See Civ.R. 59(A)(6). A trial court's judgment on whether to grant a new trial will not be disturbed on appeal absent a showing that the trial court abused its discretion. *Toledo v. Stuart* (1983), 11 Ohio App.3d 292, 11 OBR 557, 465 N.E.2d 474. An abuse of discretion is defined as a trial court's unreasonable, arbitrary or unconscionable attitude. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

Here, after deliberations, the jury determined that Dominique's conduct was not negligent. Thereafter, the trial court denied both of Whitenight's motions. Besides other evidence adduced at trial, a review of the record reveals that both Nancy and Dominique testified at trial. Dominique essentially testified that he utilized due care while proceeding through the drive-through checkout lane. Nancy's testimony generally attempted to show Dominique acted negligently while driving through the drive-through checkout lane. This type of conflicting

evidence, along with other evidence in the record, shows that there was substantial evidence upon which reasonable minds could reach different conclusions.

Therefore, the trial court properly denied Whitenight's motion for judgment notwithstanding the verdict.

Further, a review of the record also shows that the judgment was not against the weight of the evidence and thus the trial court did not abuse its discretion by denying Whitenight's motion for a new trial.

Appellants' second assignment of error is not well taken.

The judgment of the Court of Common Pleas of Van Wert County is affirmed.

*Judgment affirmed.*

HADLEY and EVANS, JJ., concur.