Appellants Leona F. Neal, Shelley Renee Sexton, and Michael Sexton obtained jury verdicts totaling $32,786 for personal injuries and loss of consortium resulting from an automobile accident caused by appellee David L. Blair's negligence. Feeling that the jury's award was inadequate, the appellants commenced this appeal after the trial court denied their motion for judgment notwithstanding the verdict. The appellants assign one error:[1]
 THE TRIAL COURT ERRORED [sic] IN DENYING THE PLAINTIFFS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT IN LIGHT OF THE EVIDENCE PRESENTED AT TRIAL OF APPELLANTS' PAIN AND SUFFERING.
Because the record contains ample support for the jury's conclusions, the appellants were not entitled to judgment notwithstanding the verdict. Accordingly, we affirm the trial court's judgment.
 I.
Leona Neal and Shelley Sexton were driver and passenger, respectively, in Neal's vehicle one evening in April 1996 when the appellee's vehicle struck them from behind. At the time of the rearend collision, Neal's vehicle was stopped in traffic on State Route 7 in Lawrence County as Neal and Sexton were en route to a nursing school class. Prior to the collision, the appellee was traveling between 50 and 60 m.p.h. and had applied his brakes only moments before impact. The appellants suffered injuries from the collision and were taken by ambulance to a nearby hospital, where they were treated and released. X-rays on both Neal and Sexton were negative.
Neal filed a complaint in the Lawrence County Court of Common Pleas seeking damages for personal injuries proximately caused by the appellee's negligence. Shelley Sexton and her husband, Michael Sexton, also filed a complaint, which sought damages for Shelley Sexton's personal injuries and Michael Sexton's loss of consortium. After the trial court consolidated the cases and the appellee conceded liability for negligence, the matter proceeded to trial on the issue of damages only.
The forty-two year-old Neal testified to suffering substantial pain as a result of the accident. She admitted having suffered a broken pelvis twenty years before the April 1996 auto accident and that she also suffered a painful injury in a slip-and-fall accident in 1993. However, Neal testified that she suffered no ill effects from those injuries at the time of the April 1996 auto accident and that she still endured pain at the time of trial. Neal has not returned to nursing school and testified that she participates in substantially fewer activities than she did before the auto accident. Neal also testified to significant weight loss since the auto accident. At the time of trial, Neal weighed 85 pounds, as compared with 120 pounds in April 1996.
Neal also presented testimony from a chiropractor and a number of doctors who treated her following the automobile accident. The various medical and chiropractic witnesses testified that Neal never required surgery or in-patient hospital treatment as a result of the accident, and that x-rays and an MRI had shown normal findings. Nevertheless, Neal's doctors testified that she suffered from chronic headaches and neck pain as a result of the accident, and described the various treatments and medications they prescribed. Doctors also testified that Neal suffered injury to her sacroiliac joint, located in the pelvic area. However, Dr. Lois Weixler, who treated Neal, could not determine whether the April 1996 auto accident caused the sacroiliac joint injury or only aggravated a pre-existing sacroiliac joint condition. Neal's chiropractors and doctors testified that she had attained maximum medical improvement and that she would require future treatment to help with chronic pain.
Neal also presented testimony from Dr. Jack Dodd, a psychiatrist who treated her both before and after the April 1996 accident. Dr. Dodd acknowledged that Neal experienced considerable difficulty in other areas of her life since the accident, including a fire that destroyed her home and the break-up of her eleven-year marriage. Dr. Dodd testified that Neal's physical pain exacerbated the psychological effect of her other difficulties. Dr. Dodd diagnosed Neal with a depressive disorder more severe than the one from which Neal had suffered several years earlier and identified the April 1996 accident as one of the reasons for it. Neal claimed total expenses of $23,238.59 for medical, chiropractic, and psychiatric treatment.
Shelley Sexton also testified to suffering painful injuries as a result of the accident. She testified to having a neck injury, which improved following treatment by her doctor and chiropractor. Sexton also complained of some lingering effects of the auto accident. She testified to feeling dull headaches every day and extremely severe ones about three times per week. A chiropractor maintained that Sexton suffered permanent injuries to soft tissues in her neck as a result of the April 1996 auto accident, that she reached maximum medical improvement six months following the accident, and that she would continue to have headaches for the rest of her life. The chiropractor estimated that Sexton would require up to six chiropractic visits per year to treat her headaches. Dr. Weixler, who also treated Sexton, acknowledged lingering headaches, but did not describe Sexton's injuries as "permanent." Dr. Thomas Dannals, another physician who treated Sexton, could not conclusively link Sexton's constant headaches to the April 1996 auto accident. Dr. Weixler also noted that Sexton reached maximum medical improvement by December 1996. Sexton claimed total medical and chiropractic expenses of $9,548.78.
Shelley and Michael Sexton each testified to the diminished quality of Shelley's life since the accident. Shelley Sexton, twenty-nine years old at the time of trial, testified that she attempted to return to nursing school but could not continue due to her constant headache pain. Michael and Shelley Sexton each testified that Shelley had not been as active in her volunteer work and her activities with the couple's children since the accident. The Sextons also testified that Shelley's injuries strained their marital relationship.
The defense presented testimony from Dr. John Cunningham, who performed an independent medical examination of both Shelley Sexton and Neal. Like the other doctors, Dr. Cunningham testified that Neal's x-rays and MRI reported normal findings. Dr. Cunningham also testified that Neal's EMG tests showed no significant abnormalities, despite what her chiropractors and doctors testified earlier. Dr. Cunningham also opined that Neal's treatment and medications had been excessive and that there was no objective basis to conclude that Neal suffered from permanent impairment. He did not believe Neal required active medical care in the future for injuries resulting from the April 1996 auto accident. As for Ms. Sexton, Dr. Cunningham found no neurological basis for her headaches. Other than over-the-counter medications and home treatment, Dr. Cunningham believed that Ms. Sexton required no active medical care for injuries resulting from the April 1996 auto accident. He also believed that Ms. Sexton received excessive medication and chiropractic treatment.
The jury returned a verdict awarding $23,238 to Neal and $9,548 to the Sextons. Neal and the Sextons had claimed $23,238.59 and $9548.78, respectively for medical damages alone. Following the jury's verdict, the appellants filed a motion for judgment notwithstanding the verdict under Civ.R. 50(B) or, in the alternative, a new trial under to Civ.R. 59(A). The appellants argued that the jury's award of damages was inadequate, insofar as it did not include any amounts for pain and suffering. The trial court denied both motions and the appellants commenced this appeal.
 II.
In their lone assignment of error, the appellants challenge the trial court's denial of their motion for judgment notwithstanding the verdict. The appellants contend that the jury's award of damages "is manifestly contrary to the natural and reasonable inferences to be drawn from the evidence." Accordingly, the appellants argue that they are entitled to judgment notwithstanding the verdict because the damages determination is "manifestly against the weight of the evidence * * *." We disagree with the appellants because their argument is legally incompatible with our standard of considering a motion for judgment notwithstanding the verdict.
In considering a motion for judgment notwithstanding the verdict under Civ.R. 50(B), a trial court applies the same test as it does in evaluating a motion for directed verdict under Civ.R. 50(A). Osler v. Lorain (1986), 28 Ohio St.3d 345, 347;Ford v. Tandy Transp., Inc. (1993), 86 Ohio App.3d 364, 384. The court must construe the evidence adduced at trial in the light most favorable to the non-moving party. Osler at 347. The court must deny the motion if, upon consideration of all the evidence, there exists substantial evidence to support the non-movant's position and upon which reasonable minds might differ. Id. Although it is necessary to review and consider evidence, a motion for judgment notwithstanding the verdict presents a question of law and not one of fact. O'Day v. Webb
(1972), 29 Ohio St.2d 215, paragraph three of the syllabus;Whitenight v. Dominique (1995), 102 Ohio App.3d 769, 772. Accordingly, our review of the trial court's ruling on a motion for judgment notwithstanding the verdict is de novo. SeeFord, 86 Ohio App.3d at 379.
The appellants' only argument in support of their assignment of error is that the jury's verdict was against the manifest weight of the evidence. However, a motion for judgment notwithstanding the verdict tests the legalsufficiency, and not the weight, of the evidence adduced at trial. See Posin v. A.B.C. Motor Court Hotel, Inc. (1976),45 Ohio St.2d 271, 275; see, also, Chambliss v. Kennedy (Feb. 29, 1996), Cuyahoga App. No. 68779, unreported; Central Trust Co.,N.A. v. Warburg (Aug. 17, 1994), Hamilton App. No. C-930218, unreported. Accordingly, in deciding a motion for judgment notwithstanding the verdict, a court does not weigh the evidence or test the credibility of witnesses. Osler, supra,28 Ohio St.3d 345 at syllabus. The trial court's only duty in evaluating the appellants' Civ.R. 50(B) motion was to assess whether substantial probative evidence existed to support the jury's award of damages in the amount specified. Thus, the appellants' manifest weight of the evidence arguments are not cognizable in challenging a trial court's ruling on a motion for judgment notwithstanding the verdict.
Appellant's manifest weight argument may be construed liberally to address the legal sufficiency of the verdict by asserting that the evidence is undisputed and it all is contrary to the jury's verdict. This contention would be a proper basis for a judgment notwithstanding the verdict if it were proven true. However, our independent review of the record persuades us that the trial court correctly overruled the appellants' Civ.R. 50(B) motion. Construing the evidence most favorably for the appellee, we find substantial evidence presented at trial to support the jury's damages calculation. We find that reasonable minds could differ as to the severity of the appellants' injury. The appellee presented expert testimony that disputed the appellants' claims of permanent injury and the degree of pain caused by the accident. The appellee also testified that his speed at the time of the collision was considerably less than the 50 to 60 m.p.h. insisted upon by the appellants, which would allow reasonable minds to disagree on whether the accident caused all of the injuries of which the appellants complained. Moreover, there was testimony from several witnesses that could have supported a jury determination that other events, both pre-dating and post-dating the accident, contributed to the injuries claimed by the appellants. The jury was "at liberty to weigh all of the evidence presented and decide which evidence it determined to be credible. It does not follow that in a matter wherein a jury awards damages for medicals * * * that automatically an award for pain and suffering must follow." Baughman v. Krebs (Dec. 10, 1998), Cuyahoga App. No. 73832, unreported. Moreover, it is likely that the jury awarded some amount for pain and suffering. The jury may have refused to compensate for all of the medical and chiropractic expenses because it found the treatments excessive, with the net result (inclusive of pain and suffering) being an award almost equal to the total medical and chiropractic expenses. While the appellants insist that the jury's award covers only medical expenses because it is $1.26 less than their medical payments, we cannot indulge this assumption. The jury returned only a general verdict setting the total amount of the damage awards. If the appellants wanted a breakdown of the awards into specific components (i.e. medicals and pain and suffering), they could have requested a general verdict accompanied by written interrogatories. Civ.R. 49(B). They did not. Accordingly, we overrule the appellants' assignment of error.
 III.
The appellants could have properly preserved their manifest weight of the evidence arguments on this appeal by assigning as error the trial court's denial of the motion for new trial. See Civ.R. 59(A) (6) (court may grant new trial on grounds that judgment is not sustained by the weight of the evidence). By appealing only the denial of their Civ.R. 50(B) motion for judgment notwithstanding the verdict, the appellants waived any error concerning whether the jury's verdict is against the manifest weight of the evidence. Assuming arguendo that the appellants had properly raised their manifest weight of the evidence challenge, we would nevertheless affirm the trial court's judgment.
A new trial should be granted on the basis of inadequate damages when the jury has failed to consider some element of damages that an aggrieved party established byuncontroverted evidence. Baum v. Augenstein (1983), 10 Ohio App.3d 106,107-08; Estate of Delawder v. Pierce (Mar. 23, 1999), Lawrence App. No. 98CA28, unreported. A new trial is also warranted when the jury verdict is unsupported by competent, substantial, and credible evidence. Pena v.Northeast Ohio Emergency Affiliates, Inc. (1995), 108 Ohio App.3d 96,104. However, in considering whether a damages award is against the manifest weight of the evidence, we begin with the presumption that the jury's findings are correct. SeeSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80. If a damages verdict is supported by substantial, competent, and credible evidence, we must defer to the jury and refrain from disturbing its verdict. See Sec. Pacific Natl. Bank v.Roulette (1986), 24 Ohio St.3d 17, 20; C.E. Morris Constr. Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280;Estate of Delawder, supra.
In this case, the appellants claim that the jury's verdict is against the manifest weight of the evidence because it provides no damages for pain and suffering. Indeed, the jury's verdict awarded the appellants almost the exact sum of medical and chiropractic expenses, but no more. However, we do not view the award as conclusive evidence that the jury failed to consider pain and suffering and cannot conclude that the jury's award is unsupported by the record. Through presentation of its own expert testimony and cross-examination of the appellants' doctors and chiropractors, the appellee disputed the severity of the appellants' injuries and whether the accident in question proximately caused all of the appellants' medical and psychological problems. Indeed, many of the treatments administered by the various doctors and chiropractors depended upon the appellants' subjective complaints of pain. The jury may have chosen to disbelieve the appellants, as well as their doctors and chiropractors, concerning the extent of their injuries. See Leslie v. Briceley (Dec. 31, 1997), Washington App. No. 97CA10, unreported; Evans v. Moore (Nov. 15, 1993), Scioto App. No. 2103, unreported; Armbrister v. Thomas (Nov. 21, 1991), Scioto App. No. 90CA1958, unreported. Further, the jury could have chosen to believe Dr. Thompson, the appellee's expert, regarding the severity of the injuries suffered. If the jury found Dr. Thompson's testimony more credible than the appellants' chiropractors and doctors, it may have concluded that the injuries did not warrant a pain and suffering award. Further, as we have already stated, it is possible that the jury awarded an amount for pain and suffering, but did not award all of the claimed medical and chiropractic expenses. Finding no miscarriage of justice, we cannot disturb the jury's evaluation of damages.
We overrule the appellants' lone assignment of error and affirm the judgment of the Lawrence County Court of Common Pleas.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and APPELLEE recover of APPELLANTS costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.
For the Court
 BY: ___________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] The notice of appeal also purported to appeal the jury's verdict. However, since this issue was not separately assigned and argued in the brief, it has been waived. See App.R. 12(A).