JOURNAL ENTRY AND OPINION
Appellants, Michelle and John Taylor, appeal the decision of the Common Pleas Court overruling their motion for a new trial. Appellants claim the trial court made erroneous evidentiary rulings and abused its discretion by overruling their motion for a new trial. For the following reasons, we affirm.
The record presented to us on appeal reveals the following: On May 29, 1997, Mrs. Taylor was stopped at a red light when she was bumped from behind by appellee Carol Davignon at a relatively low speed. As a result of the accident, Mrs. Taylor suffered TMJ-related injuries and underwent several surgeries. On December 30, 1999, Mrs. Taylor was rear ended by appellee Jacqueline Lynn. As a result of this accident, Mrs. Taylor's TMJ symptoms worsened and she underwent two additional surgeries.
On September 22, 1999, appellants filed suit against both appellees and the matter proceeded to trial. Prior to trial, the trial court granted two of appellants' motions in limine: that there would be no reference to Mrs. Taylor's insurance and no reference to the police report estimate of the speed of the accident.
On October 11, 2000, the jury returned a verdict for appellants as follows: (1) Mrs. Taylor against Ms. Davignon in the amount of $5,000 and against Ms. Lynn in the amount of $1,000, and (2) Mr. Taylor against Ms. Davignon in the amount of $1,500 and against Ms. Lynn in the amount of $500. Appellants filed a motion for a new trial which was denied by the trial judge. Appellants now appeal and raise six assignments of error for our review.
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING EVIDENCE OF PLAINTIFF'S HEALTH INSURANCE INTO EVIDENCE.
In their first assignment of error, appellants argue that the trial court erroneously permitted defense expert Dr. James Moodt to make an improper reference to appellant's health insurance during the trial in violation of a pre-trial ruling on a motion in limine. Specifically, during trial, the videotaped deposition of Dr. Moodt was played for the jury, where he stated in pertinent part:
 Q: Okay. And what was the note in Dr. Gallagher's office records?
 A: Well, he — there's a note. X-rays, patient x-rays sent to Dr. Blakemore. Dr. Benninger —
MR. HAUDE: Objection.
 WITNESS: — is not on insurance list, and there's a notation of the letters TMD written in the chart. (Emphasis added).
(Tr. 17).
Appellees contend that appellants failed to object to Dr. Moodt's testimony at trial and failed to ask for a cautionary instruction.
A trial court's decision to admit evidence is not grounds for reversal unless the record clearly demonstrates that the trial court abused its discretion and that the complaining party has suffered a material prejudice. Columbus v. Taylor (1988), 39 Ohio St.3d 162, 164. An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Tracy v. Merrell-Dow Pharmaceuticals, Inc. (1991),58 Ohio St.3d 147, 152.
A motion in limine is a preliminary ruling. Pena v. Northeast Ohio Emergency Affiliates, Inc. (1995), 108 Ohio App.3d 96, 108; Defiance v. Kretz (1991), 60 Ohio St.3d 1, 4. Thus, a proper objection must be raised at trial to preserve any claimed error. Collins v. Storer Communications, Inc. (1989), 65 Ohio App.3d 443; State v. Grubb (1986),28 Ohio St.3d 199.
Here, appellants failed to preserve their alleged error by renewing their objection during trial and obtaining a ruling on the record. Although appellants filed a partial transcript that shows that appellants' counsel objected to Dr. Moodt's testimony during the deposition, it does not provide any evidence of what actually occurred at trial.
Appellants claim that they renewed their objection to Dr. Moodt's testimony during the trial, however, the record in the trial transcript fails to show any objection made by appellants. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, has no choice but to presume the validity of the lower court's proceedings and affirm.[1] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. As such, appellant's failure to properly raise and preserve this alleged claim of error in the trial court constitutes a waiver of the same in these proceedings. Jackson v. Pollack (Oct. 7, 1993), Cuyahoga App. No. 63769, unreported.
Notwithstanding the waiver, we otherwise find this assignment of error deficient. When reference is made to insurance during trial, the appropriate step is for the court to give a limiting instruction admonishing the jury to disregard the statement. See Evidence Rule 105. However, the court need only give a limiting instruction if the party requests a limiting instruction. State v. Collins(1990),66 Ohio App.3d 438, 445; Gler v. Schine Theatrical Co. (1938),59 Ohio App. 68. The failure to request a curative instruction at the time error can be avoided or corrected precludes any claim of error on appeal where it appears that a curative instruction would have obviated the potential prejudice. State v. Lancaster(1971), 25 Ohio St.2d 83; Whitenight v. Dominique (1995), 102 Ohio App.3d 769, 771.
Here, the record shows that appellants' counsel did not request that the trial court give curative instructions to the jury. Thus, they are precluded from now raising any complaint on this issue. Moreover, no prejudicial effect to appellants have been shown by the record since Dr. Moodt's reference to appellant's insurance was incidental. Error in the admission of evidence is not a ground for reversal unless substantial rights of the complaining party were affected. Petti v. Perna (1993),86 Ohio App.3d 508, 514. Thus, even if there was error in the admission of such testimony, appellants have not shown that the result of the trial would have been different but for Dr. Moodt's testimony.
Accordingly, this assignment is without merit.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING THE HEARSAY ESTIMATE OF THE ACCIDENT SPEED AS CONTAINED IN THE POLICE REPORT.
In their second assignment of error, appellants argue that the trial court erroneously permitted Dr. Moodt to make an improper reference to the police report's estimate of speed of the accident involving Ms. Davignon in violation of a pre-trial ruling on a motion in limine. Specifically, during the videotaped deposition of Dr. Moodt, he stated the following:
 Q: What do you know about the nature of the impact? Was it a large impact or something other than that?
 A: Well, I usually-if I review something like this, I am interesting in seeing what the estimated speed was on the police report.
MR. HAUDE: Objection.
 WITNESS: And the Strongsville Police Department estimated the velocity of the impact at 0-5 mph, which is, for purposes of a TMJ injury a minimal and light impact. (Emphasis added).
(Tr. 18).
Appellees contend that appellants failed to properly object to Dr. Moodt's testimony at trial and failed to ask for a cautionary instruction.
Here, the record reflects that the day after Dr. Moodt's videotaped testimony was played before the jury, appellants raised the following objection to Dr. Moodt's reference to the police report estimate of speed:
 MR. HAUDE: * * * And I would just like to note for the record an objection to Dr. Moodt referencing the Strongsville police report.
THE COURT: To what?
 MR. HAUDE: To Dr. Moodt yesterday, their expert, referencing the Strongsville police report and its speed estimate of 0 to 5.
(Tr. 225-226).
Even though appellants raised an objection to Dr. Moodt's testimony, they failed to request that the trial court give curative instructions to the jury. The failure to request a curative instruction at the time error can be avoided or corrected precludes any claim of error on appeal where it appears that a curative instruction would have obviated the potential prejudice. State v. Lancaster, supra; Whitenight v. Dominique, supra. Thus, appellants' counsel's failure to request that the trial court give curative instructions to the jury precludes any complaint now on this issue.
Moreover, Dr. Moodt's reference to the police report was made during his testimony that he reviews a police report and takes the accident speed into consideration when evaluating a TMJ patient. Appellants have not shown any prejudicial effect since there was other admissible testimony regarding the speed at which Ms. Davignon was traveling at the time of the accident. Specifically, Ms. Davignon testified on direct and cross examinations about her rate of speed, including what was recorded in the police report. (Tr. 197). Thus, even if there was error in the admission of such testimony, appellants cannot show that the result of the trial would have been different but for Dr. Moodt's testimony. Error in the admission of evidence is not a ground for reversal unless substantial rights of the complaining party were affected. Petti v. Perna, supra.
Accordingly, this assignment is without merit.
 III. THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING EVIDENCE OF A SETTLEMENT AND THE AMOUNT OF SUCH SETTLEMENT INTO EVIDENCE.
In their third assignment of error, appellants argue that the trial court erroneously permitted Mrs. Taylor to be questioned with regard to injuries she sustained in a June 1999 car accident and the settlement she received for a claim resulting therefrom. Specifically, appellants object to the following exchanges:
Q: Isn't it true that you settled that case?
MR. HAUDE: Objection.
Q: You made a claim and settled that case?
THE COURT: Overruled.
 A: Actually, my husband took care of that, talked to them. I didn't talk to them, so I — we obviously settled with them.
(Tr. 87).
Appellees claim that the settlement evidence was offered for impeachment purposes.
Evid.R. 408 provides that evidence of a settlement is inadmissible to prove liability for or invalidity of the claim or amount. However, the rule does not require exclusion where the evidence is offered for another purpose, such as proving bias or prejudice of a witness. Evid.R. 408. Evidence of settlement is also properly admitted where it is offered to test the credibility and memory of a plaintiff who denies being injured. Karavara v. Fakas (1933), 16 Ohio L.Abs. 30.
Here, the record reflects that evidence of the settlement was offered to test the credibility of Mrs. Taylor. Mrs. Taylor was involved in a separate and unrelated car accident in June of 1999. This car accident occurred between the accidents that are the subject of this appeal. Thus, any injuries sustained by Mrs. Taylor in that accident are relevant to the issue of whether her injuries are related to the accidents with Ms. Davignon and Ms. Lynn.[2] However, Mrs. Taylor testified, on cross examination, that she was not injured as a result of the June 1999 accident and did not make a claim for any injury. (Tr. 86-88). Accordingly, evidence that Mrs. Taylor had made a claim and received a settlement for that accident were properly admitted and received to impeach her credibility. See Karavara v. Fakas, supra.
Accordingly, this assignment is without merit.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL.
 VI. THE TRIAL COURT'S ERRONEOUS EVIDENTIARY RULINGS, BOTH INDIVIDUALLY AND IN THEIR AGGREGATE, MADE THE VERDICT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellants' fourth and sixth[3] assignments of error will be discussed together as they are related. In these assignments of error, appellants claim that the trial court's erroneous evidentiary rulings made the verdict against the manifest weight of the evidence and that the trial court abused its discretion in denying their motion for new trial.
Based upon the resolution of the first, second and third assignments of error, we conclude that the trial court did not erroneously deny appellants' motion for a new trial on the grounds of evidentiary errors.
Accordingly, these assignments are without merit.
 V. THE TRIAL COURT [SIC] IT'S DISCRETION BY DENYING PLAINTIFF THE ABILITY TO DISCUSS HER INJURIES ON DIRECT EXAMINATION AND BY ALLOWING FALSE ACCUSATIONS THAT SHE WAS DRUNK AND DISORDERLY AT A BAR IN THE PAST.
In their fifth assignment of error, appellants argue that the trial court erroneously refused to allow Mrs. Taylor to discuss her injuries on direct examination.
During trial, the trial court sustained defense counsel's objections to appellants' counsel's questioning of Mrs. Taylor during direct examination about the following issues:
 Q: Were you concerned or scared at all about being under general anesthesia that many times?
MS. LETTS: Objection.
(Tr. 63).
* * *
Q: Is it embarrassing to have to chop your food up?
MS. LETTS: Objection.
(Tr. 68).
* * *
 Q: For example, a deli sandwich, can you just eat that?
MS. LETTS: Objection.
(Tr. 68).
The trial court sustained these objections because the questions were leading. Appellants' counsel failed to reformulate the questions so as to make them non-leading. Accordingly, it was not an abuse of discretion for the trial court to deny Mrs. Taylor the opportunity to explain her pain and suffering and loss of enjoyment of life where the questions relating to this information were not properly posed to Mrs. Taylor.
Appellants also contend that the trial court erroneously permitted defense counsel to question Mrs. Taylor about an accusation that she was drunk and disorderly at a bar and pulled a fire alarm. Mrs. Taylor denied that the incident happened and now claims that reference to this incident was highly prejudicial. She has not shown, however, how she was prejudiced by this questioning. Indeed, in her closing statement, counsel for Ms. Lynn apologized in open court for raising the alleged drunken and disorderly incident and admitted to the jury that the incident involved another person with the same name. Error in the admission of evidence is not a ground for reversal unless substantial rights of the complaining party were affected. Petti v. Perna (1993), 86 Ohio App.3d 508, 514.
Accordingly, this assignment is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANN DYKE, J., CONCUR.
[1] The duty to provide the transcript of the proceedings or an allowable alternative to the transcript falls on appellants because they bear the burden of demonstrating the claimed errors by reference to matters in the record. Columbus v. Hodge (1987), 37 Ohio App.3d 68. Appellants' failure to file the entire transcript forecloses our ability to determine whether prejudice resulted from the passing reference to Mrs. Taylor's insurance. Holley v. Higgins (1993), 86 Ohio App.3d 240; Austin v. Squire (1997), 118 Ohio App.3d 35; Knapp v. Edwards Laboratories (1980) 61 Ohio St.2d 197.
[2] Indeed, appellant concedes that any inquiry as to whether she was injured in June 1999 was permissible. (See Appellants brief at pp. 19).
[3] Appellants failed to address this assignment of error in their brief, however, for the sake of completeness, we will address it here.