DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Municipal Court judgment, after a jury trial, in favor of James Tolliver, defendant below and appellee herein, on his claim against Tonya Braglin, defendant below and appellant herein.
 {¶ 2} Appellant assigns the following errors for review:
First Assignment of error:
"The trial court erred when it permitted officer tom McKnight to testify as an expert in the field of accident reconstruction by allowing the witness to present testimony related to the cause and mechanics of the collision at issue in this case."
Second Assignment of error:
"The trial court erred in denying defendant-appellant's motion for a new trial after counsel for plaintiff-appellee improperly questioned defendant-appellant regarding the existence of insurance and officer McKnight regarding issuance of a citation."
Third Assignment of error:
"The trial court erred in denying defendant-appellant's motion for new trial and/or remittitur when the jury award was unsupported by the evidence, excessive, and/or given under the influence of passion and prejudice."
 {¶ 3} On June 20, 2002, appellee stopped for a red traffic light at the intersection of Route 33 and State Route 78 in Nelsonville. When the light turned green, appellee proceeded into the intersection and collided with appellant's vehicle. Appellant had apparently attempted to make a left turn in the intersection and turned her vehicle in front of the appellee's vehicle.
 {¶ 4} Appellee's complaint (1) alleged that appellant negligently failed to yield the right of way and caused the accident; and (2) asked for $10,000 in compensatory damages. Appellant denied appellee's allegations and asserted a number of affirmative defenses. Appellant also filed a counterclaim and alleged that appellee negligently caused the accident and asked for damages in an amount "to be determined at trial." Appellee denied the counterclaim's allegations.
 {¶ 5} At the jury trial appellee testified that he stopped for a red light at the intersection.[1] When the light turned green, appellee proceeded into the intersection. At that point, appellant attempted a left turn in front of appellee's vehicle and collided with appellee's vehicle. Appellant testified that she turned in front of appellee because he motioned her to do so. Additionally, appellee testified that he received two estimates, one $4,411.67 and another $4,786.25, for repairs to his truck.
 {¶ 6} The jury (1) returned a verdict for appellee on his claim; awarded appellee $7,000 in compensatory damages; and (3) found against appellant on her claim. Subsequently, appellant filed a motion for new trial and/or remittitur. Appellant asserted that opposing counsel made several comments, or asked several questions, that inflamed the jury. Appellant also asked for a remittitur of damages because the evidence did not support the jury's $7,000 award. The trial court overruled appellant's motion and this appeal followed.
 I {¶ 7} In her first assignment of error, appellant asserts that the trial court erred in allowing Nelsonville Police Officer Thomas McKnight to testify as an expert "in the field of accident reconstruction." She cites Scott v. Yates (1994),71 Ohio St.3d 219, 643 N.E.2d 105, for the proposition that, without proper accident reconstruction training, which Officer McKnight did not have, he could not offer an opinion as to who was at fault. Although we agree with appellant's argument as general proposition of law, we do not believe that in the instant case that Officer McKnight's testimony should be excluded.
 {¶ 8} Our review of the transcript reveals that the officer testified as to the point of impact on the vehicles and that both vehicles were moving at the time of the accident. The witness did not testify as to who he believed was at fault. Appellant did not cite to us any part of the transcript in which Officer McKnight offered such an opinion and we have found none in our own review.
 {¶ 9} Recently, we noted in State v. Rutter, Hocking App. No. 02CA17, 2003-Ohio-373, ¶ 49-55, that although Scott
prohibited untrained officers from offering expert opinions as to the fault or the cause of an accident, it did not prohibit them from relating their observation or investigation of the accident. Our colleagues on the Seventh District Court of Appeals reached similar conclusions and held that Scott related to those instances in which officers testified as to who "was at fault" and did not prohibit testimony generally as to their own accident investigation. See State v. Woods (Aug. 21, 1998), Mahoning App. No. 94-CA-129.
 {¶ 10} The record in the case sub judice reveals that Officer McKnight received training in "accident investigation" and that he had investigated approximately two-hundred accidents in the course of his career. His testimony went solely to the course of that investigation. The officer did not offer his opinion as to the issue of fault, which Scott prohibits.
 {¶ 11} The admission or exclusion of relevant evidence is a matter entrusted to the sound discretion of a trial court and its decision will not be reversed absent an abuse of that discretion. See Peters v. Ohio State Lottery Comm. (1992),63 Ohio St.3d 296, 299, 587 N.E.2d 290; Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271, 569 N.E.2d 1056; State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343, at paragraph two of the syllabus. We note that an abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See Landis v. Grange Mut. Ins.Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; Malone v.Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440, 448,659 N.E.2d 1242; State ex rel. Solomon v. Police Firemen'sDisability Pension Fund Bd. of Trustees (1995),72 Ohio St.3d 62, 64, 647 N.E.2d 486. When applying this standard, appellate courts must not substitute their judgment for that of the trial court. See State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe1 (1991). 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181; Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301. Indeed, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v.Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1.
 {¶ 12} In the case sub judice, appellant has not persuaded us that the trial court erred by admitting Officer McKnight's testimony. Again, Officer McKnight did not offer an opinion regarding the issue of fault. Moreover, we note that the underlying facts concerning the accident are largely uncontested. It appears that the central issue is whether appellee "signaled" appellant to complete her turn prior to the appellant proceeding through the intersection. Thus, the "point of impact" in this case does not appear to be the critical and deciding issue and Officer McKnight's testimony did not prejudice appellant. Accordingly, we hereby overrule appellant's assignment of error.
 II {¶ 13} In her second assignment of error, appellant asserts that the trial court erred by refusing to grant her motion for a new trial. Specifically, appellant contends that opposing counsel impermissibly questioned witnesses concerning (1) a traffic citation issued to her and (2) her insurance coverage. Appellant contends that these two references unfairly inflamed the jury. We disagree with appellant.
 {¶ 14} With respect to Officer McKnight's testimony that he issued appellant a citation as a result of the accident, counsel notes that he objected to the testimony and the court sustained the objection. Although appellant did not request the court give the jury a limiting instruction, she asserted in her motion for new trial that the jury appeared to "have given its verdict under the influence of passion or prejudice." The trial court was not persuaded by appellant's argument and we agree with the trial court's conclusion.
 {¶ 15} First, we note that it is not clear what Civ.R. 59(A) provision serves as authority for her position. The provision cited in the motion, Civ.R. 59(A)(4), speaks only to "excessive or inadequate damages." Any erroneous reference to the traffic citation would go to the issue of liability rather than damages. Thus, Civ.R. 59(A)(4) has no bearing on this question and the trial court did not err by denying the motion.
 {¶ 16} Even assuming that Civ.R. 59(A)(4) does apply in this instance, we note that the provision speaks to those cases included a jury's verdict is given under the influence of "passion or prejudice." We note, however, that the uncontroverted evidence at trial established that appellant did turn in front of appellee when she should have yielded the right-of-way.
 {¶ 17} Appellant claims that the reason she turned into the intersection without waiting for appellee to pass through the intersection was because appellee visually indicated and signalled for her to turn. Appellee, however, denied making any such motion. The conflicting evidence adduced in this trial is a matter entrusted to the trier of fact and the jury obviously found appellee's version of the events more credible than appellant's explanation.[2] In light of all the evidence adduced at trial, we decline appellant's invitation to conclude that the jury's verdict and liability finding was inflamed by passion or prejudice that resulted from Officer McKnight's testimony about the traffic citation.
 {¶ 18} The second part of appellant's assignment of error involves opposing counsel's cross-examination question concerning insurance coverage. Appellant objected to that line of inquiry and the court sustained the objection. During deliberations, however, the jury sent out a question and asked why appellant's insurance did not pay for the accident. The court instructed the jury that this issue is irrelevant and that their decision should not be based on the question of insurance.
 {¶ 19} Appellant cited this as another grounds in her motion for new trial. The trial court, however, rejected it and denied the motion. Appellant argues on appeal that this constitutes error. Generally, decisions on new trial motions are relegated to the trial court's sound discretion. Those decisions will not be overturned on appeal absent an abuse of that discretion. SeeState v. LaMar (2002), 95 Ohio St.3d 181, 202, 767 N.E.2d 166;State v. Schiebel (1990), 55 Ohio St.3d 71, 544 N.E.2d 54 at paragraph one of the syllabus. First, we note that although appellant did timely object to the question, she did not request the court to provide a limiting instruction. See Taylor v.Davignon (Sep. 13, 2001), Cuyahoga App. No. 79019. The failure to request a limiting instruction when the error could have been corrected or avoided amounts to a waiver of that error. Id.;Whitenight v. Dominique (1995), 102 Ohio App.3d 769, 771,658 N.E.2d 23.
 {¶ 20} Second, after the jury asked about insurance, the trial court properly instructed them that this issue is irrelevant for purposes of rendering a verdict. It is axiomatic that juries are presumed to have followed curative instructions.Shesler v. Consol. Rail Corp., 151 Ohio App.3d 462,784 N.E.2d 725, 2003-Ohio-320, ¶ 50; Adkins v. Haynes (Apr. 14, 2002), Delaware App. No. 01CAE09042; Wadsworth v. Damberger (Aug. 30, 2002), Medina App. No. 3024-M.
 {¶ 21} In conclusion, after our review we find nothing arbitrary, unreasonable or unconscionable in the court's decision to deny the new trial motion. Consequently, we hereby overrule appellant's second assignment of error.
 III {¶ 22} Appellant argues in her third assignment of error that the trial court erred by not granting her motion for new trial or, in the alternative, for remittitur. We agree with appellant.
 {¶ 23} If a trial court believes that a damage award is excessive, the court may, with the assent of the prevailing party, reduce the verdict by remittitur to an amount warranted by the evidence. If the prevailing party refuses to reduce the damage award, the court should grant a new trial under Civ.R. 59(A)(5). See Fink, Greenbaum Wilson, Guide to the Ohio Rules of Civil Procedure (2004) 59-12; also see Chester Parke Co. v.Schulte (1929), 120 Ohio St. 273, 166 N.E. 186, at paragraph three of the syllabus. An appellate court has the same unlimited power and control over verdicts and judgments as the trial court and may modify and affirm the judgment by ordering a remittitur with the consent of the prevailing party. See Moskovitz v. Mt.Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 635 N.E.2d 331;Duracote Corp. v. Goodyear Tire Rubber Co. (1983),2 Ohio St.3d 160, 162-163, 443 N.E.2d 184; also see Atlas Homes Corp.v. Fyfe (Oct. 24, 1990), Summit App. No. 14413; Greenwood v.Alcan Aluminum Corp. (April 18, 1990), Lorain App. No. 4598. We believe such a course of action is warranted here.
 {¶ 24} As mentioned above, the parties limited the trial of this case to property damage and the jury returned a $7,000 verdict. From our review of the record, however, we find no evidence to support that amount. Rather, the only evidence of property damage appears to be the estimates that appellant had obtained for his vehicle repair. The "Master Collision Repair" estimate totaled $4,411.67 and the "Don Wood" estimate totaled $4,786.25. We find no other evidence in the record concerning the damage issue. Thus, we find no evidence to support the $7,000 jury verdict.
 {¶ 25} Appellee counters that these amounts are only estimates, not repair contracts, and that the actual repair cost could have been much higher. He concludes that the overage (approximately $2,200) is within a reasonable range and should be allowed to stand We are not persuaded.
 {¶ 26} The purpose of compensatory damages is to place appellee in the position he would have been in had the accident never occurred. See Allen v. Allen (Mar. 15, 2002), Trumbull App. No. 2000-T-0137; Johnson v. Weiss Furs (Feb. 24, 2000), Cuyahoga App. No. 76680; Lewis v. Sea World, Inc. (Mar. 26, 1993), Portage App. No. 91-P-2310. By awarding appellee damages in excess of what it cost to repair his vehicle, appellee was not just made whole but, in fact, received a windfall. This is contrary to the purpose of damages. See Spurlock v. Douglas,
Lawrence App. No. 02CA19, 2003-Ohio-570, ¶¶ 25-27.
 {¶ 27} Furthermore, in response to his argument that the estimates do not reflect the exact repair costs, we note that appellee had the burden to prove his damages by a preponderance of the evidence. If these two estimates did not represent the cost to repair his vehicle, then appellee could have introduced additional evidence.
 {¶ 28} For these reasons, we hereby sustain appellant's third assignment of error and hereby reverse and remand the trial court's judgment. On remand, appellee will be given the option to accept the remittitur of his damages to $4,786.25 (the amount of the maximum estimate). If appellee accepts the remittitur, the trial court may enter judgment for him in that amount. Conversely, if appellee elects to refuse the remittitur, the trial court is directed to grant appellant's motion for new trial and conduct a trial only on the issues of damages.
Judgment affirmed in part, Reversed in part, and Remanded for further proceedings consistent with this opinion.
Kline, P.J. Harsha, J., concur in Judgment Opinion.
[1] At trial, the parties stipulated that the case would involve the issues of liability and property damages. Appellee agreed to dismiss any claim for personal injury.
[2] The weight of the evidence and credibility of witnesses are issues to be determined by the jury as trier of fact. See Colev. Complete Auto Transit, Inc. (1997), 119 Ohio App.3d 771,777-778, 696 N.E.2d 289; GTE Telephone Operations v. J HReinforcing Structural Erectors, Inc., Scioto App. No. 01CA2808, 2002-Ohio-2553, at ¶ 10; Reed v. Smith (Mar. 14, 2001), Pike App. No. 00CA650. The underlying rationale for this is that the trier of fact is better able than an appellate court to view the witnesses and observe their demeanor, gestures, and voice inflections and to use those observations in weighing credibility. Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Thus, a jury is free to believe all, part or none of the testimony of any witness who appears before it. Rogers v. Hill (1998), 124 Ohio App.3d 468, 470,706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993),89 Ohio App.3d 35, 42, 623 N.E.2d 591; also see State v. Nichols (1993),85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v. Harriston (1989),63 Ohio App.3d 58, 63, 577 N.E.2d 1144. In the case at bar, it is manifestly evident that the jury did not believe appellant's version of events.