OPINION
This is an appeal from the Licking County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
Under the Amended Indictment appellant was charged with felonious assault and tampering with evidence. We are not concerned herein with the second count as a not guilty finding of the jury related thereto.
The facts produced indicated that an altercation commenced between appellant and one James C. Wingeier in a bar on September 29, 2001.
After both exited the bar the verbal confrontation continued and escalated into a stabbing of Mr. Wingeier in the stomach and leg. Other blows were also involved with an auto lug wrench.
At the conclusion of the evidence appellant requested the trial court to also charge on the crime of aggravated assault. The trial court declined to give this additional charge and an appropriate objection was made.
Aggravated Assault in R.C. 2903.12 is defined as follows:
"§ 2903.12 Aggravated assault.
 "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 "(1) Cause serious physical harm to another or to another's unborn;
 "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordinance, as defined in section 2923.11 of the Revised Code."
 ASSIGNMENT OF ERROR
The sole Assignment of Error is:
 I. "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S TIMELY REQUEST FOR AN ADDITIONAL JURY INSTRUCTION ON THE OFFENSE OF AGGRAVATED ASSAULT."
 I.
Appellant agrees that aggravated assault is not a lesser included offense to the charge of felonious assault as the additional element of serious provocation is present in the former (Brief p. 6)) and correctly cites State v. Deem (1988), 40 Ohio St.3d 205.
If the evidence in this case would have warranted a charge on aggravated assault, it would have been error for the trial court to reject the requested instruction. State v. Brady (1988),48 Ohio App.3d 41, appeal rejected, 38 Ohio St.3d 723, State v. Jackson
(1992) 82 Ohio App.3d 667.
On the other hand, if insufficient objective evidence of provocation is presented, so that no reasonable jury would decide defendant was provoked by the victim, the Judge must, as a matter law, refuse to give the instruction. State v. Shane (1992), 63 Ohio St.3d 630.
In the case sub judice the trial court evaluated the evidence most favorably to appellant without weighing the pervasiveness of the evidence (T. Vol. II at p. 433) and concluded that such evidence was insufficient as to appellant being under the influence of sudden passion or rage produced by serious provocation emanating from the conduct of the victim.
The evidence indicated the provocation, if believed, was primarily verbal.
In State v. Perry, Licking App. No. 01CA23, 2001-Ohio-___, this Court reviewed a case of a sucker punch and held even that was insufficient provocation.
Here, the trial court determined, even with the difference in size of the antagonists, the evidence did not warrant the use of deadly force with a knife by appellant. We agree.
Therefore, the Assignment of Error is rejected.
This cause is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and FARMER, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Licking County Common Pleas Court is Affirmed. Costs to appellant.