JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Anthony Andrejic, previously convicted and sentenced on four counts of attempted aggravated murder and one count of retaliation, now appeals the trial court's denial of his motion for a new trial.
 {¶ 2} Appellant claims he presented "newly discovered" evidence in compliance with Crim.R. 33 that demonstrated both that his counsel's performance seriously was deficient and that the prosecutor committed misconduct by suborning perjury.
 {¶ 3} Following a review of the record, however, this court finds no error in the trial court's decision. It, therefore, is affirmed.
 {¶ 4} The facts surrounding appellant's convictions already have been set forth in State v. Andrejic, Cuyahoga App. No. 79700, 2002-Ohio-1649 ("Andrejic I"). In pertinent part, they briefly are restated as follows:
 {¶ 5} In July 2000, appellant, a medical doctor working in a local hospital, was ordered by his employer to undergo treatment for a serious drug addiction. During treatment, appellant met another user named Todd Roland. Appellant confided to Roland that he wished to kill his wife for becoming involved and then intimate with a drug supplier named Mike Smith.
 {¶ 6} Appellant further agreed to sell Roland prescriptions for OxyContin, Percocet and Vicodin ES. Roland subsequently became a confidential informant on appellant for the police. As a result, appellant was ultimately arrested, and thereafter, convicted, on charges of drug trafficking.
 {¶ 7} While that case was pending, appellant made statements to the police that acknowledged he had conversation with Roland about his plans to murder his wife. Appellant asserted he had not been serious, but the police discovered a videotape in appellant's house that contradicted this assertion. It had been filmed during a marital sexual encounter; appellant could be heard saying to his wife several times, "If I find out, I'll kill you."
 {¶ 8} Following his conviction in the drug case, appellant returned to the county jail to await transport to prison. He became friendly during that time with another inmate named Charles Corwin. Appellant confided to Corwin he wanted to kill two people for their roles in his current circumstances, viz., Roland and Smith. Appellant further indicated to Corwin that if his pregnant wife might be killed in the attempt on Smith's life, he would consider that "collateral damage." Corwin indicated to appellant he "knew some people who could do the job."
 {¶ 9} Instead, however, Corwin took this information to the police. The police placed a "wire" on Corwin and returned him to jail for further conversation with appellant. Eventually, Corwin arranged a three-way telephone call between his mother, appellant, and an officer posing as an assassin-for-hire. Appellant agreed to pay $30,000 for "the job." As a show of good faith, he told Corwin's mother he would send her a "power of attorney" in order that she could withdraw from his banking account a "down payment" of $150.
 {¶ 10} Appellant subsequently was indicted in this case based upon his conversations with Corwin. On April 26, 2001, after a jury trial, appellant was convicted of two counts of conspiracy to commit murder, four counts of attempted aggravated murder, and one count of retaliation. The trial court vacated appellant's convictions for conspiracy before sentencing him to a total term of incarceration of forty-five years.
 {¶ 11} Appellant appealed his convictions and sentences to this court in Andrejic I. Still represented by the attorney he had retained as trial counsel, he asserted as error the trial court's admission into evidence of portions of the home video that showed appellant and his wife during a sexual encounter. He additionally claimed his convictions were supported by neither sufficient evidence nor the weight of the evidence. Finally, he challenged his sentence. In an opinion dated April 11, 2002, however, this court overruled appellant's assignments of error; his convictions and sentences were affirmed.
 {¶ 12} On August 5, 2003 appellant contemporaneously filed in the trial court two documents. The first was an "application" to file a delayed motion for a new trial based upon "newly discovered evidence." Appellant attached his affidavit. In pertinent part, he stated that he had not been made "aware of any post conviction rights until April 8, 2003," when he "met [his] present defense counsel." Appellant further stated it had taken new counsel until July 10, 2003 to discover "the serious irregularities that took place at * * * trial."
 {¶ 13} The second document was his motion for a new trial based on "newly discovered evidence." He listed this evidence as: 1) the misconduct of a state's witness; 2) the inadequacy of trial counsel; and, 3) the misconduct of the prosecutor. Appellant attached to his motion the identical affidavit; he also attached several other "exhibits." Among these were copies of a piece of evidence used at his trial and affidavits of persons who claimed to have witnessed "exculpatory" incidents either before or during appellant's trial who nevertheless had not been called by the defense.
 {¶ 14} On October 2, 2003 the trial court issued an order that denied both appellant's "application" and his motion. This court subsequently allowed appellant to file a delayed appeal of that order.
 {¶ 15} Appellant presents the following two assignments of error:
 {¶ 16} "I. It is reversible error for a trial court to overrule a motion for a new trial based on newly discovered evidence when the appellant did not know or understand his legal rights and his trial attorney and his appellate attorney never informed appellant that: he had a right to have a prepared attorney; his trial attorney had the duty to bring to the court and jury's attention highly exculpatory evidence; his trial attorney had the duty to expose perjury committed by a state's witness; and, that appellant had the right to have a prosecutor that (sic) would not use perjured testimony, would not argue to the jury that perjured testimony was true, and would not suppress highly exculpatory evidence.
 {¶ 17} "II. It is reversible error for the prosecution to introduce perjured testimony; argue to the jury that known perjured testimony is true; and, to suppress highly exculpatory evidence."
 {¶ 18} Distilled to its essence, appellant's argument is that he met all the requirements for a successful motion for a new trial pursuant to Crim.R. 33; therefore, the trial court lacked a basis upon which to deny his motion. This court disagrees.
 {¶ 19} Crim.R. 33 states in relevant part:
RULE 33. New trial.
 (A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
(6) When new evidence material to the defense is discovered,which the defendant could not with reasonable diligence havediscovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given * * *.
(B) Motion for new trial; form, time. Application for a new trial shall be made by motion * * *.
* *
Motions for new trial on account of newly discovered evidenceshall be filed within one hundred twenty days after the day uponwhich the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidablyprevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an orderof the court finding that he was unavoidably prevented fromdiscovering the evidence within the one hundred twenty dayperiod.
* *
(E) Invalid grounds for new trial. No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:
* *
(3) The admission or rejection of any evidence offered against or for the defendant, unless the defendant was or may have been prejudiced thereby;
* *
(5) Any other cause, unless it affirmatively appears from the record that the defendant was prejudiced thereby or was prevented from having a fair trial.
 {¶ 20} (Emphasis added.)
 {¶ 21} It must first be noted appellant in this case did not follow the proper procedure: he did not first obtain leave from the trial court before submitting his motion for a new trial. The rule clearly anticipates "a two-step process." State v.Gray, Cuyahoga App. No. 82841, 2003-Ohio-6643.
 {¶ 22} The trial court in this case never issued an order finding appellant was "unavoidably prevented from discovering the evidence" within the one-hundred-twenty-day period. Since the jury's verdict of guilt was rendered on April 26, 2001 and appellant's motion was filed more than two years later, appellant's motion was untimely pursuant to Crim.R. 33(B). As such, it was properly overruled on this basis alone. FairviewPark v. Ricotta (Sept. 21, 1995), Cuyahoga App. No. 66850.
 {¶ 23} Moreover, under Crim.R. 33, motions for a new trial are not to be granted lightly. Toledo v. Stuart (1983),11 Ohio App.3d 292. Thus, it is well settled that the denial of a motion for a new trial on the grounds of newly discovered evidence is within the sound discretion of the trial court and may be reversed only where there has been a "gross abuse" of that discretion. State v. Williams (1975), 43 Ohio St.2d 88, paragraph two of the syllabus; Toledo v. Stuart, supra; see also, State v. Blalock, Cuyahoga App. Nos. 82080, 82081, 2003-Ohio-3026.
 {¶ 24} There are, in essence, three prerequisites for a successful Crim.R. 33(A)(6) motion for a new trial. See, Statev. Shepard (1983), 13 Ohio App.3d 117. First, a new trial may be granted on the grounds of newly discovered evidence only if the defendant could not, with reasonable diligence, have discovered and produced the evidence at trial. Id. Second, the evidence must be truly new, not cumulative, and cannot be used merely to impeach or contradict prior evidence. State v. Petro (1947),148 Ohio St. 505. Finally, the evidence must disclose a strong probability that it will change the result if a new trial is granted. Id.; State v. Lewis (1970), 22 Ohio St.2d 125. Although appellant claims he has met all three prerequisites, the record renders his claim baseless.
 {¶ 25} The only competent evidence appellant submitted to the trial court consisted of the affidavits. State v. Larkin
(1996), 111 Ohio App.3d 516. In appellant's affidavit, he asserted that his trial attorney knew of "relevant documents" and "witnesses who could corroborate [his] defense," and "had the proof in his file" that exposed the "untruthfulness of" a portion of a prosecution witness' testimony. The other affidavits merely restated appellant's assertions.
 {¶ 26} A review of appellant's evidence demonstrates it fails to meet the three requirements for a successful new trial motion as set forth in State v. Petro, supra. State v. Jackson (1992),82 Ohio App.3d 667; State v. Bell (1996), 112 Ohio App.3d 473.
 {¶ 27} First, it reveals he could have produced his evidence at trial. Second, he disputed a document that had been introduced, with its obvious defects, at trial; evidence that challenged the defects thus would have been merely cumulative. Finally, appellant, himself, took the stand at trial, thus permitting the jury to weigh his credibility with respect to his claim he had abandoned any desire to hire an assassin. Therefore, the "newly discovered" evidence fails to disclose a strong probability that it would change the result if a new trial were granted to appellant. State v. Richard, Cuyahoga App. No. 80428, 2003-Ohio-5959; State v. Blalock, supra.
 {¶ 28} Appellant further intimates he was deprived of a fair trial by his attorney's failure to call witnesses and to produce certain pieces of evidence. However, the decision to call a witness during the course of trial is a matter of trial strategy.State v. Hunt (1984), 20 Ohio App.3d 310. Counsel may have decided the jury would find the credibility of the testimony suspect. Similarly, appellant's assertions of misconduct at this juncture are speculative at best.
 {¶ 29} Based upon the record, therefore, the trial court did not abuse its discretion in denying appellant's motion for a new trial on the grounds of newly discovered evidence. State v.Wells (Oct. 22, 1998), Cuyahoga App. No. 73481.
 {¶ 30} Appellant's first and second assignments of error, accordingly, are overruled.
 {¶ 31} The trial court's order is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Michael J. Corrigan, A.J. and Calabrese, Jr., J. Concur